The judgment appealed from is therefore affirmed.

(135 So. 29)

## LAWRASON v. RICHARD.

### In re JEANSONNE.

No. 30835.

January 5, 1931.

On Rehearing, May 25, 1931.

697

698

Fred G. Benton and Clive W. Kernan, both of Baton Rouge, and Bond, Curtis, Hall & Foster and Hugh M. Wilkinson, all of New Orleans, for applicant.

Daspit, Hackabay & Blanche, of Baton Rouge, for respondent.

Stirling Parkerson, of New Orleans, amicus curiæ.

BRUNOT, J.

This is a suit for damages for personal injuries. There was judgment in the district court in favor of the plaintiff for $12,000. On appeal to the Court of Appeal, First Circuit, the judgment was affirmed. 129 So. 250. Following the affirmance of the judgment, the defendant was declared a bankrupt, and, upon the application, to this court, of J. Wilton Jeansonne, the trustee of the bankrupt, a writ of review was granted, and, in response to the writ, the record has been sent up and the case is now before us.

The petition alleges that plaintiff was injured while riding in an automobile as the guest of the defendant, and that his injuries were caused solely by the defendant's gross fault, carelessness, and negligence.

The suit was met by an exception of no right or cause of action. This exception was overruled and issue was joined, on the merits, by the filing of an answer and supplemental answer. Counsel for applicant do not refer to the exception in their brief, and we must assume that they acquiesce in the ruling thereon.

The defenses to the suit are: That plaintiff was a guest of the defendant by sufferance; that both parties to the suit were engaged in a joint adventure at the time the plaintiff was injured; that plaintiff was guilty of contributory negligence; and that the locus in quo was a trap such as to exonerate defendant.

It is contended that the last-mentioned defense is not warranted by the pleadings.

We will first consider whether or not the parties to the suit were engaged in a joint adventure or common enterprise at the time the plaintiff was injured. If we find that they were, we are of the opinion that plaintiff cannot recover, and it will not be necessary for us to consider the other issues presented, or the testimony offered in support of them.

The facts of the case, in so far as they relate to a joint adventure, are as follows:

The defendant was an alumnus of the Louisiana State University and the plaintiff was a student of that institution. Both were members of the same college interfraternity. The defendant resides in Avoyelles parish, La. On May 25, 1929, the defendant came to Baton Rouge, in his automobile, a Ford coupé, with a rumble seat, on a business mission. Upon the completion of his business he met two of his interfraternity members and took them for a ride in his car. While driving about town they informed him that a fraternity dance would be given that night at a hall on the old Louisiana State University campus, and that the dance would be followed by an interfraternity initiation, at a meeting of that fraternity, to be held at Magnolia, a small settlement in the parish of East Baton Rouge, on the Greenwell Springs road, about fifteen miles from the city of Baton Rouge. The defendant was informed that a truck had been engaged to meet the members of the fraternity, at a designated point on Boyd avenue, at 1 o'clock that night, for the purpose of conveying them to and from Magnolia, and he was requested to remain in Baton Rouge overnight and participate in the two events mentioned. He, at first, declined to do so, but later yielded to their solicitations. The members of the fraternity assembled at the meeting place at the designated hour. The truck had not arrived. The night was dark and it was raining steadily. Several members of the fraternity, including the defendant, drove to the place of assembly in their private cars. After waiting, in the rain, about twenty minutes for the arrival of the truck, all of the members present abandoned hope of its arrival, and they mutually agreed to crowd into the several private cars then at the place of assembly, and proceed to Magnolia by that method of transportation. Six members of the fraternity, viz., Wilson, Carriere, Sims, Rightor, the plaintiff, and defendant, entered the defendant's car. Four, including the defendant, who was driving the car, occupied the inclosed front seat, and two, one of them being the plaintiff, occupied the open rumble seat. The defendant had never been over the road to be traveled. The only member of the fraternity present who was familiar with it was Eddie Carriere. This member sat next to the defendant on the inclosed front seat of the car, as a guide, to direct the driver and to indicate the route to be followed. For this reason the defendant's car was placed in the lead, and in that order the cars left the city. After leaving Baton Rouge defendant's car maintained a speed of from thirty-five to forty-five miles per hour. The rain was continuous, but the route was over a wide graveled road until it reached the Comite river bridge, a distance of about ten miles from Baton Rouge, where the accident happened which caused the plaintiff's injuries. The photostats, in the record, show that the road leading to the bridge is much wider than the bridge. It approaches the bridge in the direction the cars were traveling at an angle, and, at a very short distance from the bridge, it turns sharply to the left to make a straight approach to the bridge. A moment before the accident Eddie Carriere informed the defendant that they were in close proximity to a bridge and warned him to be careful. The defendant immediately attempted to slow down his car and get it under perfect control for any emergency, but the information and warning was given by Carriere too late for the accomplishment of that purpose, as the car, at that moment, rolled upon the bridge, crashed through the right railing and to the bank of the stream, several feet below the floor of the bridge structure. In its fall the plaintiff was hurled from the rumble seat and suffered the injuries alleged in his petition.

A "joint adventure" is a special combination of two or more persons engaged in the consummation of a common purpose.

A joint or coadventurer is one who takes part with others in an adventure or in a venture. C. J. vol. 11, p. 934. In C. J. vol. 33, p. 841, we find the following:

"A joint adventure as a legal concept is of comparative recent origin. It is purely the creature of our American courts. At common law an enterprise of a limited character, such as is now called a joint adventure, was regarded in law as merely an informal kind of partnership, and the courts made no attempt to distinguish the one from the other. Such is still the case in England and Canada; but in the United States, the courts, about the middle of the last century, began to find it convenient to draw a distinction between them, and hence there is gradually building up a body of American law applicable to the relation of joint adventurers which may or may not apply to the relation of partners."

Under the common law the substantial rights of partners are enforceable in courts of equity, and courts of law will not assume to redress grievances between partners, but they will hear and determine controversies between mere joint adventurers.

In Berry on Automobiles (2d Ed.) par. 322, it is said:

"Where persons are associated together in the execution of a common purpose and undertaking it has been held that each is the agent of the others in carrying out their plans, so that the negligence of one is attributable to the others. * * * The only theory on which one may be charged with the negligence of another is that each is engaged in the performance of the plans which all have agreed upon and which are as personal to one as to another. * * *

"Where two men engaged in the joint purpose of taking two ladies for an automobile ride, during which one of the men was injured by the combined negligence of a town in maintaining a defective highway and his associate in the undertaking, it was held that he was charged with the negligence of his associate and could not recover from the town for his injuries."

Of course, the rule announced by Berry must not be confused with the relation of host and guest, or a passenger for hire, or where one accompanies another for the latter's convenience. The rule of law with respect to such persons is wholly different.

In this case the gratuitous use of defendant's car was sought by the plaintiff and his interfraternity brothers for their own convenience and accommodation, for the purpose of proceeding to a fixed destination to participate in and to consummate an agreed and common purpose. In our opinion the plaintiff and defendant were parties to, and were engaged in, a joint adventure when plaintiff received the injuries of which he now complains, and for that reason he cannot recover. It is therefore decreed that the judgment of the district court and of the Court of Appeal, affirming said judgment, be avoided, and that plaintiff's suit be, and it is hereby, dismissed; the plaintiff to pay the costs of this appeal.

### On Rehearing.

ST. PAUL, J.

The facts of this case are stated fully in the original opinion herein handed down, and still more fully in the opinion of the Court of Appeal (129 So. 250), and it would serve no good purpose to state them again for a third time. Suffice it to say that plaintiff was riding in defendant's car at his (defendant's) express or implied invitation, and that plaintiff had no control whatsoever over

the manner in which defendant drove the car. In fact, plaintiff could not, even if he would, have communicated with the driver. That defendant was driving at an excessive rate of speed over an unknown road on a dark and rainy night, and continued at the reckless speed even though warned by other occupants of the car. And it was not negligence on the part of the plaintiff to accept defendant's invitation or offer of transportation, since plaintiff was ignorant of the dangerous character of the road and had no reason to suppose that defendant would drive at other than a safe rate of speed and in a careful manner.

On the facts of the case the judgment of the Court of Appeal is correct. And of that this court had no doubt from the beginning.

 The case, however, was ordered up on the hypothesis that plaintiff and defendant were engaged in a joint enterprise, and that the acts of the one party were the acts of all, of which none could complain.

In this we were in error; there is no joint adventure, in the sense that the occupant of an automobile is equally liable with the driver unless there be also equal right to control the operation of the automobile. 42 C. J. 1179, § 957; Berry on Automobiles (6th Ed.) § 644.

Moreover, the doctrine of joint liability because of joint adventure has no application between the parties but only as concerns third parties, the theory of joint liability being based on supposed agency. And there can be no doubt that a negligent agent is liable to his principal unless the latter be also at fault. Cf. Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; Collins v. Anderson, 37 Wyo. 275, 260 P. 1089; Wilmes v. Fournier, 111 Misc. Rep. 9, 180 N. Y. S. 860.

#### Decree.

Our former decree is therefore set aside, and it is now ordered that the judgment of the Court of Appeal be affirmed, at defendant's cost in all courts.

BRUNOT and ODOM, JJ., dissent.