68 So.2d 639 (1953)
HUBBLE
v.
BOURG.
BOURG
v.
HUBBLE.
Nos. 3722, 3723.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
Rehearing Denied December 18, 1953.
Writ of Certiorari Denied January 11, 1954.
Blanchard & Blanchard, Donaldsonville, for appellant.
*640 Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellee.
ELLIS, Judge.
These two consolidated cases arise from an intersectional collision involving car owned and operated by Maedee Hubble and an automobile owned by Claude Bourg, Sr., which was being driven at the time by Claude Bourg, Jr., his minor son, which occurred on January 7, 1949 in Port Barrow, a suburb of Donaldsonville.
Hubble filed suit against Bourg for damages to his car resulting from the collision and answer was filed by the defendant, and Bourg then filed a separate suit against Hubble on behalf of his minor daughter, Elaine Bourg, who was a passenger in the Bourg vehicle and who sustained personal injuries in the accident.
In this latter suit answer was filed together with a reconventional demand, said demand making part thereof the allegations contained in the suit filed by Hubble.
The cases were consolidated for trial and judgments were rendered in each case rejecting Hubble's demand in the first suit and awarding damages in favor of Claude Bourg, the father of the minor, Elaine Bourg, in the second suit, and also rejecting the reconventional demand. Hubble has appealed in both suits.
The two streets forming the intersection where the accident occurred are both rather narrow graveled streets. Hubble testified that he was proceeding west on Fourth Street at a speed of approximately 20 to 25 miles per hour and that he first saw the Bourg car proceeding north on Orange Street when he was 100 feet from the intersection, and he places the Bourg car at that time as 200 feet from the intersection. In his testimony he admitted that he did not see the approaching vehicle from the time he saw it 200 feet away until the instant of the collision; that he did not continue to watch it after first sighting it, nor did he apply his brakes until the moment of the impact. There was nothing in the southeast corner of the intersection that would have prevented the Bourg car from being visible at all times to Hubble. He testified that he had almost completely crossed the intersection when his car was struck on its left side at the extreme western edge of the intersection by the Bourg automobile. He contends that if the Bourg vehicle had not been turned to its left toward the west, in the same direction in which the Hubble car was travelling, that the accident would not have occurred. It seems to be amply borne out by the testimony as well as upon photographic exhibits, that the two cars did proceed toward the west immediately prior to and after the collision and that both came to rest some 40 to 50 feet west of the center line of the intersection in the direction in which Hubble had been proceeding.
Hubble called as his witness Mr. Hebert, a repair man, who testified as to the damages and repair costs to the Hubble automobile, but stated further that in his opinion, from the damage done to the Hubble automobile, it appeared that the force which had damaged the Hubble car had come from the left front or at a frontal angle rather than from the rear or rear side.
The only other witness called by Hubble with regard to the occurrence of the accident was Mr. Malino, Deputy Sheriff of Ascension Parish, who was called to the scene of the accident shortly after it happened. Malino testified that when he arrived the cars were still together on Fourth Street west of the intersection and that he took the photographs of the cars and the vicinity shortly after his arrival. He further stated that the cars were approximately 40 to 45 feet west of the intersection of Fourth and Orange Streets; that the Bourg car was not damaged on its front, but that the Hubble car was damaged on its front. His testimony, together, with the photographic exhibits, indicate that the left front of the Hubble car struck the right side of the Bourg car towards its front.
Claude Bourg, Jr., the driver of the Bourg car, who was only 14 years of age, *641 did not have a driver's license and was allowed to drive the automobile only at certain times and places, testified that he was proceeding at about 10 miles per hour and that the front of the car he was driving was about 3 feet into the intersection at the time the collision occurred; that he applied his brakes and was practically stopped at the time the car he was driving was struck by the Hubble vehicle. He further stated that the left front of the Hubble car struck the Bourg car on its right front side. He maintains he had entered the intersection prior to the Hubble car.
The testimony clearly shows young Bourg was watching a colored woman who he thought was about to cross the street in front of him, and he admitted that the first time he knew an accident was imminent was when his sister Elaine called his attention to the Hubble car. He further admitted that he did not stop the car although he did apply his brakes.
Elaine Bourg, the passenger in the Bourg vehicle, testified the Bourg car was travelling at approximately 10 miles per hour when it was struck by the Hubble car; that as a result she fell out of the car and sustained the injuries alleged. She testified that when the Bourg car was some 10 or 15 feet from the intersection, the Hubble car was approximately 50 feet from the intersection but later estimated this distance at 20 to 23 feet, and although unable to estimate its speed she expressed the opinion that it was travelling at a rapid rate. She further testified that she called her brother's attention to the approaching car and he applied his brakes, at which time the right side of the Bourg car was struck by the front of the Hubble car, and that at the point of impact the Bourg car was approximately 3 to 5 feet into the intersection and had come to almost a complete stop. She also denied the Bourg car had been swerved from its path or that its direction had been changed immediately before the collision.
Odele Johnson, a colored school teacher, testified that she was at the scene of the accident and had seen both vehicles before the collision. She was walking along the side of First Street and first saw the Hubble car approximately two blocks away, at which time she noticed the Bourg car approximately one-half block away. Although unable to make an estimate of the speeds of the approaching vehicles, she did state that the Bourg car was not going as fast as the Hubble car. She further stated that as the cars neared the intersection it appeared there was going to be an accident and she had started to run to avoid any injury and consequently did not see the collision. Her statements show that she did not believe either car stopped, and it appeared to her that both reached the intersection at the same time.
The only other witness who testified as to how the accident occurred was Mr. LeBlanc, a body repair man. He stated he examined both automobiles after the accident, repaired the Bourg car, and found the frames of both cars bent, and in his opinion such damage required severe force. From his examination he stated the left front fender and bumper of the Hubble car struck the right front wheel of the Bourg car.
In the suit which was filed by Hubble for damages to his car, the Trial Court concluded from the evidence, especially the physical evidence, that the Bourg car had pre-empted the intersection and was struck by the Hubble car. He reiterated this opinion in the judgment rendered in the Bourg suit against Hubble. He states in his judgment in the latter case that the failure of the driver of the Hubble car to stop his vehicle before entering the intersection after it had been pre-empted by the Bourg car was the proximate cause of the accident, and that Hubble's failure to recognize this danger and bring his car to a stop, constituted negligence upon his part. Although not stated in the judgment, the trial court was evidently of the opinion that the driver of the Bourg car was not guilty of contributory negligence.
The trial court bases his conclusions upon the testimony showing the Bourg car *642 had pre-empted the intersection and was travelling at a slow rate of speed, about 10 or 15 miles per hour, and that the Hubble car, despite Hubble's testimony, must have been travelling at a high rate of speed since the automobiles travelled some 40 feet after the collision before they stopped. Also, the Court below took into consideration the physical evidence of the damage to both cars, which, according to Mr. LeBlanc, proved the Bourg car was struck a very forceful blow by the Hubble vehicle, enough so that the front door of the Bourg car was sprung open and the latter vehicle dragged some 40 feet; also that the force of the collision threw Elaine Bourg out into the street.
It is to be noted that Hubble, although he stated he saw the approaching vehicle when it was some 200 feet from the intersection, admitted he did not see this vehicle again until the moment of the collision as he was not watching it. There was nothing to obstruct his view and he should have seen the other vehicle had he been driving prudently. Likewise, Bourg, Jr., admitted he did not see the imminent danger as his attention was drawn elsewhere, and it was only when his sister, the passenger, called upon him to stop that he realized a collision was inevitable.
Consequently, there seems no doubt that both Bourg and Hubble were guilty of negligence and a suit by either Hubble or the owner of the Bourg car would undoubtedly be successfully defended on the ground of contributory negligence. This defense was pleaded to the suit by Hubble for damages to his automobile, and recovery should have been denied upon that ground, although the trial court rejected Hubble's demand, concluding the accident happened through the sole negligence of Hubble.
The remaining question presented is whether Claude Bourg could recover for and on behalf of his minor daughter, Elaine Bourg, damages for personal injuries.
Elaine Bourg was occupying the status of a guest passenger and it has not been shown that she was attempting to exercise any supervision or control of her brother's driving. Although Claude Bourg, Jr. was a young and rather small person, there is ample testimony to show he had been driving a car to some limited extent for a period of some months, received instructions from his father and brother, and had operated the car in the vicinity of Port Barrow. Clearly he was negligent and contributed to the accident by such negligence. Also, Hubble was clearly guilty of negligence. Contributory negligence of Elaine Bourg was not plead as a defense in the personal damage suit, and thus Elaine Bourg could recover unless the negligence of her brother could be imputed to her. The defendant relied in this suit upon the defense that Elaine Bourg was the "director" of the trip and not a guest and her negligence in selecting her minor brother as the driver was the sole cause of the accident; that she knew he could not capably operate the automobile. (It was definitely proved Elaine Bourg could not operate an automobile.)
It has been well settled by the cases of Lawrason v. Richard, 172 La. 696, 135 So. 29, and Lorance v. Smith, 173 La. 883, 138 So. 871, that in actions against third persons by a guest in an automobile, the negligence of the host driver cannot be imputed to the guest. A guest may be denied recovery on the grounds of negligence in those cases where he is guilty of some independent negligence on his own part, which, if it had not occurred he would not have been injured. Churchill v. Texas & Pacific Railway Co., 151 La. 726, 92 So. 314; White v. State Farm Mutual Auto Insurance Co., 222 La. 994, 64 So.2d 245, and authorities cited therein. In Singley v. Thomas, La.App., 49 So.2d 465, 469, is found the following language:
"[The] guest * * * is not required to monitor the operation or to pay attention to the road and other traffic conditions. * * *"
*643 Of course, as was stated in the White case, the duty upon the guest is quite different if he had actual or constructive knowledge that the driver is incompetent or unfit to operate the vehicle. Also if a sudden emergency arises to the knowledge of the guest and this danger is not apparently observed by the driver, then it is the duty of the guest to warn him, and his failure to do so may bar recovery.
In Waguespack v. Savarese, La.App., 13 So.2d 726, 732, the question of "joint adventure" is discussed, and the language of the Supreme Court in Lawrason v. Richard, supra, is quoted as follows:
"There is no joint adventure, in the sense that the occupant of an automobile is equally liable with the driver unless there be also equal right to control the operation of the automobile."
In the present case, Elaine Bourg did not even know how to drive or operate the car. Also, she had ridden with her brother before, knew that he had driven the car in the vicinity where the accident occurred, and although she knew he had no driver's license had no reason to believe her brother would not operate the car prudently. She evidently was keeping a proper look-out and cautioned her brother to stop the car as soon as the danger became apparent. The negligence of young Bourg was not attributable to his youth or inexperience for Hubble was guilty of the same negligence. Neither was keeping a proper lookout which negligence is not confined to minors. Consequently Elaine Bourg has the right to recover for her personal injuries.
Miss Bourg was confined to the hospital from January 7th to January 24th and remained under doctor's care until March 19th at which time she had sufficiently recovered from her injuries, and no permanent injuries were to be expected. She suffered surgical shock and fracture of the right ilium. The medical testimony shows this minor suffered severe pain for a period of two weeks and some pain for the remainder of the time she was under treatment, and we believe the award of $1,000 for personal injuries was proven and is correct.
For the above and foregoing reasons, the judgment of the District Court in both cases is affirmed.