88 So.2d 432 (1955)
Mrs. Willie Mae RODRIGUEZ, Plaintiff-Appellant,
v.
STATE FARM MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
Nos. 4101, 4230.
Court of Appeal of Louisiana, First Circuit.
November 22, 1955.
On Rehearing June 29, 1956.
Writ of Certiorari Denied September 28, 1956.
*433 Hynes, Mathews & Lane, Roger Fritchie, Baton Rouge, for appellant.
Kantrow Spaht & West, and R. L. Kleinpeter, Baton Rouge, for appellee.
TATE, Judge.
*434 This personal injury suit especially concerns the extent to which the negligence of the driver of a car owned by plaintiff-passenger can be imputed to the latter in her action against the other driver and the liability insurers of both cars involved. All three defendants were cast in damages in solido and appealed; plaintiff answered the appeal, seeking an increase in the award.
The District Court held that both drivers' negligence caused this accident. The vehicles collided in a blind intersection. Neither party saw the other, sounded the horn, or applied the brakes prior to the collision; both were moved hardly at all by the impact. As indicated below, it is unnecessary to discuss the negligence of defendant Boet, driver of the other car whose front end struck the right side of plaintiff Mrs. Rodriguez's car.
The driver of this latter car was at least contributorily negligent herein in entering the intersection heedlessly and in disregard of the right of way of the Boet vehicle which was aproaching from her right, see LSA-R.S. 32:237, subd. A; Dodd v. Bass, La.App., 76 So.2d 572. Although plaintiff's driver entered the intersection a few feet before defendant Boet did a second later, the right of pre-emption is not accorded a driver who blindly enters an intersection without regard to oncoming traffic and without a reasonable expectation of safely clearing same, Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71; Sonnier v. U. S. Fidelity & Guaranty Co., La.App. 1 Cir., 79 So.2d 635.
It is undisputed that the car in which plaintiff was riding as passenger was owned by her, although driven at the time of the accident by her sister, who intended to drop plaintiff off at the latter's place of business as she did almost every morning; that plaintiff's sister customarily drove plaintiff's car, no matter where they went together; that both plaintiff and her sister recognized plaintiff's ownership of the automobile in question and her right to control its operation.
It is well settled in Louisiana that where the owner, with theoretical right of control over another driving his car, is a passenger therein in an accident when the ride is for his benefit or for the mutual benefit of himself and the driver; then, as to third persons involved in the accident, the negligence of the driver is imputed to the owner as that of an agent, and if a proximate cause of the accident, may either render the owner liable to the third party or constitute contributory negligence barring recovery by the owner from the third party, Waguespack v. Savarese, La.App., 13 So.2d 726; Weitkam v. Johnson, La. App., 5 So.2d 582; Riggs v. Strauss & Son, La.App., 2 So.2d 501; see also Note, 12 La.Law Review 323; Pierrotti v. Huff Truck Lines, La.App. 1 Cir., 63 So.2d 886.
Thus, under the circumstances herein, plaintiff's sister's negligence causing the accident is imputed to plaintiff and bars plaintiff's recovery from the other driver (Boet) and his liability insurer, whether Boet was concurrently negligent or not. The judgment will be amended accordingly.
The remaining defendant, State Farm Mutual Insurance Company, issued a liability policy to plaintiff covering the operation of plaintiff's car in which she was riding as a passenger at the time of the accident. It contained the usual omnibus clause providing that one driving the car with the consent of the named insured was an "additional insured", likewise protected according to the terms of the policy against liability to others arising from negligent operation of the vehicle. Under this omnibus clause the named insured may recover from his own insurance company damages sustained by him as passenger through the negligence of an "additional insured" driving the car; McDowell v. National Surety Corp., La.App. 1 Cir., 68 So.2d 189, certiorari denied, La.Sup., Feb. 15, 1954, Id., 347 U.S. 995, 74 S.Ct. 867, 98 L.Ed. 1127, June 7, 1954; Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365, certiorari denied; see also McHenry *435 v. American Employers' Ins. Co., 206 La. 70, 18 So.2d 656.
This is true even though an agency relationship exists between the driver and the owner-passenger, for as stated in the McDowell case, 68 So.2d 189 at page 193:
"As to any damages to third persons, the negligence of the wife would have been imputed to the husband, the principal in the community agency. Thus, he would have had no defense to an action instituted by third persons, under the circumstances of this case. However, in the agency relationship, the law allows the principal to recover from the agent for the damages sustained by the principal as a result of the negligent acts of the agent." (Italics ours.)
Counsel for State Farm skillfully argues that the above cited cases do not apply because in the case now before us the ownerprincipal (plaintiff) had not relinquished her right of control over the driver-agent and theoretically could have prevented the latter's negligent actions. We do not find this distinction persuasive, since undoubtedly in the cited cases the owner-principal retained the same theoretical right of control. As between the principal and the agent, the legal relationship of the agency is disregarded insofar as charging one with the fault of another; in effect, a driver-agent owes the same duty to a passenger-principal as any other driver owes to any other passenger.
Thus in this case, where although plaintiff-owner may have retained her theoretical right of control she was not actually exercising it, the driver's negligence is not imputed to the owner. Whether plaintiff's recovery is barred herein is determined by her status as a passenger, not as an owner or as a principal; although perhaps the duty of a passenger-owner may be greater than that of a passenger-non-owner in a clearly hazardous situation when the owner has the actual opportunity to exercise his right of control and fails to do so. The negligence of the driver is not imputed to the passenger, Bourg v. Hubble, La.App. 1 Cir., 68 So.2d 639; although of course as there stated, the latter may be guilty of independent negligence contributing to the accident which bars recovery.
But it is well settled that under ordinary circumstances a passenger may rely upon the care and skill of his driver and is under no duty to supervise the driving of the vehicle or to maintain an independent lookout, see authorities cited in White v. State Farm Mutual Automobile Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. Thus, in the present circumstances, plaintiff was entitled to rely upon her driver's lookout and care, and we fail to find any independent or contributory negligence on plaintiff's part in her so doing. Prior to the driver's heedless entry into the intersection, her manner of driving was not so clearly negligent as to alert the passenger-owner to the necessity of remonstrance or of exercise of the right of control.
In Horn v. Barras, La.App. 1 Cir., 172 So. 451, the driver had driven during a heavy rainstorm restricting visibility to 20 feet ahead, at a speed of 30 to 45 mph  i. e., 43.8 to 65.7 feet per second  continuously for 5 miles. The owner-passenger's failure during that journey to exercise his right of control to remonstrate at or to moderate the speed, was held independent negligence barring recovery against the driver of another vehicle, because the owner-passenger could observe the restricted visibility, the too-rapid speed, and by implication because he had the opportunity to exercise his right of control and failed to do so. This is not the situation presently before us.
This 54-year old lady sustained very painful injuries, bruises to her hip, shoulder and chest, a broken collar bone, a right ankle sprain, right thumb tendon and hand injuries; was hospitalized ten days; spent six weeks in a cast; was unable at date of trial eight months after the accident, due to residual stiffness and pain of right shoulder and hand, to place her right hand behind her or raise it over her head. An *436 orthopedic expert estimated potential permanent disability of 10% of the shoulder, not serious enough to bar her employment, but possibly producing awkwardness or pain in extreme movements of the affected members. The award by the District Court of $7,500 for mental and physical pain and suffering and permanent disability was neither manifestly insufficient or excessive and will not be disturbed.
Similarly, in view of the lack of specific evidence concerning plaintiff's allegedly greater earnings in the year preceding the accident, we find reasonable the District Court's award to her of lost earnings during her several months' total disability at the rate of $25 per week, the salary she earned when she returned to her first employment after the accident and also that she was earning at the time of trial.
The special damages for medical treatment are undisputed.
For the reasons assigned the trial court's judgment is affirmed in favor of plaintiff against State Farm Mutual Automobile Insurance Company in the sum of $8,335 together with legal interest thereon at the legal rate from date of judicial demand until paid, said defendant to pay all costs of these proceedings and of this appeal; but is amended to dismiss plaintiff's suit against Dexter Jose Boet, and The Franklin National Insurance Company (Boet's liability insurer).
Amended: and affirmed as amended.
ELLIS, Judge (dissenting).
I have no quarrel with the facts as found by the majority opinion, but only with the law applicable thereto.
In the majority opinion it is stated:
"This personal injury suit especially concerns the extent to which the negligence of the driver of a car owned by plaintiff-passenger can be imputed to the latter in her action against the other driver and the liability insurers of both cars involved. All three defendants were cast in damages in solido and appealed; plaintiff answered the appeal, seeking an increase in the award.
"The District Court held that both drivers' negligence caused this accident. The vehicles collided in a blind intersection. Neither party saw the other, sounded the horn, or applied the brakes prior to the collision; both were moved hardly at all by the impact. As indicated below, it is unnecessary to discuss the negligence of defendant Boet, driver of the other car whose front end struck the right side of plaintiff Mrs. Rodriguez's car.
"The driver of this latter car was at least contributorily negligent herein in entering the intersection heedlessly and in disregard of the right of way of the Boet vehicle which was approaching from her right, see LSA-R.S. 32:237A; Dood v. Bass, La.App., 76 So.2d 572. * * *"
"It is undisputed that the car in which plaintiff was riding as passenger was owned by her, although driven at the time of the accident by her sister, who intended to drop plaintiff off at the latter's place of business as she did almost every morning; that plaintiff's sister customarily drove plaintiff's car, no matter where they went together; that both plaintiff and her sister recognized plaintiff's ownership of the automobile in question and her right to control its operation.
* * * * * *
"This is true even though an agency relationship exists between the driver and the owner-passenger, for as stated in the McDowell case, 68 So.2d 189 at page 193:
`"As to any damages to third persons, the negligence of the wife would have been imputed to the husband, the principal in the community agency. Thus, he would have had no defense to an action instituted by third persons, *437 under the circumstances of this case. However, in the agency relationship, the law allows the principal to recover from the agent for the damages sustained by the principal as a result of the negligent acts of the agent.' (Italics ours.)
"Counsel for State Farm skillfully argues that the above cited cases do not apply because in the case now before us the owner-principal (plaintiff) had not relinquished her right of control over the driver-agent and theoretically could have presented the latter's negligent actions. We do not find this distinction persuasive, since undoubtedly in the cited cases the owner-principal retained the same theoretical right of control. As between the principal and the agent, the legal relationship of the agency is disregarded insofar as charging one with the fault of another; in effect, a driver-agent owes the same duty to a passenger-principal as any other driver owes to any other passenger.
"Thus in this case, where although plaintiff-owner may have retained her theoretical right of control she was not actually exercising it, the driver's negligence is not imputed to the owner. Whether plaintiff's recovery is barred herein is determined by her status as a passenger, not as an owner or as a principal; although perhaps the duty of a passenger-owner may be greater than that of a passenger-non-owner in a clearly hazardous situation when the owner has the actual opportunity to exercise his right of control and fails to do so. The negligence of the driver is not imputed to the passenger, Bourg v. Hubble, La.App. 1 Cir., 68 So.2d 639; although of course as there stated, the latter may be guilty of independent negligence contributing to the accident which bars recovery.
"But it is well settled that under ordinary circumstances a passenger may rely upon the care and skill of his driver and is under no duty to supervise the driving of the vehicle or to maintain an independent lookout, see authorities cited in White v. State Farm Mutual Automobile Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. Thus, in the present circumstances, plaintiff was entitled to rely upon her driver's lookout and care, and we fail to find any independent or contributory negligence on plaintiff's part in her so doing. Prior to the driver's sudden heedless entry into the intersection, her manner of driving was not so clearly negligent as to alert the passenger-owner to the necessity of remonstrance or of exercise of the right of control."
It is to be noted that the majority opinion stated that this case especially concerned the extent to which the negligence of the driver of a car owned by the plaintiff-passenger, who was present in the car at the time of the accident, can be imputed to the latter in her action against the other driver and the liability insurer of both cars involved.
It is my opinion that this case does not concern an imputation of negligence but directly concerns the contributory or independent negligence of the owner-passenger present in the car, under the law applied to the facts as stated by the majority. I agree that the amendment of the judgment so as to bar the owner-passenger from any recovery from the other driver (Boet) and his liability insurer is correct. I think that the judgment in favor of the plaintiff, who was the owner-passenger present in the car at the time of the accident, and against the insurer of her driver is incorrect. I believe that the contributory negligence or independent negligence of the plaintiff owner bars her recovery.
This case is not like the McDowell case for in the latter husband and wife were on a joint venture or community mission and the husband was suing his insurance company under the Omnibus Clause of the policy. The McDowell case simply held *438 that where the policy did not specifically contain a prohibition against the named insured suing under such circumstances and facts, he had a right to consider the driver of the car, even though it was his agent, as the additional insured and, therefore, the right to sue the additional insured's insurance company. While I thought, considering all the terms in the policy and the real intent between the named insured and the company, that such a suit was prohibited, it has been decided otherwise and I abide by that decision. However, I was also of the opinion that where the owner-passenger was the husband of the driver and they were on a community mission or joint venture, that the relationship was sufficient to bar by imputation of negligence or under the theory of the right to control, a recovery by the husband against the wife. Of course, it is not disputed that the insurance company is entitled to all the defenses that may be urged by its insured if the latter was personally sued except that of coverture, which is personal to the parties.
In the present case we have no such relationship and we are not concerned with the imputation of negligence, for under the law a principal may always sue his agent provided he is free of negligence. This does not mean that the negligent agent cannot defend himself on the ground of the contributory or independent negligence of the owner-passenger.
The quotation from the McDowell case in the majority opinion, supra, was based upon a statement in Hardtner v. Aetna Casualty & Sur. Co., La.App., 189 So. 365, which in turn based such a statement upon the case of Costa v. Yochim, 104 La. 170, 28 So. 992. Of course, in the Costa case the owner was not present in the wagon at the time of the accident and resulting damage and the Costa case was merely one which held that the owner, if not negligent himself, and he could not be in such a case as he was not present, could recover the damages that had been recovered from him as the result of the negligent acts of his agent. The Costa case was never intended to deprive an agent or his insurer when sued by the owner-principal present in the motor vehicle at the time of the accident of their defenses against the owner, such as contributory negligence or outright independent negligence. The Hardtner case, supra, merely held that on the face of the petition the plaintiff had not convicted himself of contributory negligence, but it does not stand for a holding that the driver of the Hardtner car could not have plead contributory or independent negligence against Mr. Hardtner who was killed when the car was struck by a train. The case was settled and never tried on its merits or I am quite sure the record would have been full of such a defense.
It appears to me in the present case that the majority is in effect holding that the plaintiff-owner-passenger at the time of the collision is to be considered as merely a guest and her responsibility fixed as such. With this I cannot agree, as an owner-passenger is under a duty to exercise a greater degree of care than a guest for he has the right to control and is charged with the duty of so doing where the situation and the facts demand it.
In Riggs v. F. Strauss & Son, La.App., 2 So.2d 501, 503, our brethern of the Second Circuit through Judge, now Justice, Hamiter, made the following statement which distinguishes between an owner-passenger and purely a guest-passenger. It was stated:
"In Restatement of the Law (verbo Torts) Section 491, we find:
`"The fact that the plaintiff is the owner of the car which he permits another to drive does not make the journey during which such other drives a joint enterprise, although his ownership may be important in three other particulars. First, it may give him a peculiar ability to control the manner in which the driver operates the car, and therefore, may bar his recovery against the negligent defendant under the rule stated in § 495. An owner of" a car is entitled to expect that one-whom *439 he permits to drive his car will follow his directions. On the other hand, one who is a guest in a car not only feels reluctant to interfere with his driver but the owner who is driving is far less likely to heed his advice than if he, the driver, were merely permitted by the plaintiff, as owner, to do the driving. Second, if the purpose of the journey is for the benefit of the owner, even though it is also for the benefit of him who is permitted to drive, the owner may under the principles of the law of Agency be regarded as the master of the driver even though no wages or reward other than the participation in the drive is paid to him.'"
The majority opinion holds that where the plaintiff-owner is being sued by a third party or is suing a third party, that in those cases the negligence of his driver is imputable to the owner, and that, therefore in the present case, the owner, although suing the agent's insured, is, in effect, suing the agent, that the agent not being a third party his negligence cannot be imputed to the owner. In my opinion it is not a question of imputation of negligence where an owner-plaintiff is a passenger in the car at the time of the collision where the facts show that the driver agent was grossly guilty of negligence as has been found under the facts in the case under consideration, but that under such facts the agent's negligence, while not imputed to the owner-passenger, becomes the separate, independent or contributory negligence of the owner-passenger as he saw or should have seen or knew or should have known of the dangerous and hazardous situation confronting his driver and agent and failed to act. The owner-passenger under such circumstances is charged with the legal right to control and his failure to do so constitutes negligence on his part and may be plead as a bar to his recovery, whether he is suing or being sued by a so-called third party or whether he is suing his agent.
Under the stated facts in the majority opinion, we have a case in which the plaintiff was riding in her own car, although being driven at the time of the accident by her sister "who intended to drop plaintiff off at the latter's place of business as she did almost every morning; that plaintiff's sister customarily drove plaintiff's car no matter where they went together, that both plaintiff and her sister recognized plaintiff's ownership of the automobile in question and her right to control its operation", and that "the driver of this latter car (which referred to plaintiff's car) was at least contributorily negligent herein in entering the intersection heedlessly and in disregard of the right of way of the Boet vehicle which was approaching from her right." and it is further stated in the majority opinion that "the vehicles collided in a blind intersection, neither party saw the other, sounded the horn, or applied the brakes prior to the collision". It is also shown by the record that the owner-plaintiff and her sister traveled this route to work and that they were both familiar with this blind, dangerous intersection. (Emphasis added)
In my opinion the driver and plaintiff-owner were faced with a dangerous and hazardous situation and it is not borne out by the facts that the driver made a "sudden heedless entry into the intersection," for the plaintiff knew about this intersection from the time they started the trip and knew its dangerous propensities and yet sat silently by while the driver entered the intersection "heedlessly and in disregard of the right of way of the Boet vehicle which was approaching from the right" without warning the driver to slow down, sound her horn, or take any protective measure. In my opinion it is not a question of the driver's negligence being imputed to the owner-passenger, but clearly a question of the law under such facts and circumstances holding the owner-passenger guilty of contributory or independent negligence. An owner-passenger may be guilty by an act of omission as well as one of commission if the owner-passenger fails *440 to act or respond to a dangerous, apparently hazardous situation. The law says that he or she is negligent by virtue of their omission to exercise the control which the law gives to them.
In the present case the defendant-insurer cannot be deprived of pleading the contributory or independent negligence of the passenger-owner.
I can see no difference in the conclusion that should be reached in this case and that which was reached in Horn v. Barras, 172 So. 451, 455, decided by this Court. In that case the plaintiff's automobile on the night and at the time of the accident was being driven by his brother when it ran into a large freight truck of the defendant which was parked on the paved highway east of Crowley, Louisiana. The Court found that the weather was bad and that a speed of from 30 to 35 miles per hour was excessive and dangerous under the facts and circumstances. In the case there was a plea of contributory negligence as a bar to recovery by the plaintiff-owner. The Court held:
"The contributory negligence of the driver of plaintiff's car clearly appears from the record, as we read it, and as it is shown that plaintiff himself, who was seated on the front seat with the driver, had equal opportunity of seeing and observing the conditions which existed, was aware of the speed at which they were going and the distance they could see ahead of them, had entire control over the car, and yet permitted its operation in such manner, he also must be held negligent, and his negligence having contributed to the accident, stands in the way of his recovery."
The same language as above quoted might be used in the present case. The contributory negligence of the driver of the plaintiff's car in the case under consideration clearly appears from the record and is clearly stated in the majority opinion, and as it is shown that the plaintiff herself, who was seated on the front seat with the driver, had full knowledge and equal opportunity of knowing, seeing and observing the blind and dangerous intersection which existed, was aware of the speed at which they were going and the limited vision at this blind intersection, had entire control over the car, and yet permitted its operation in such a manner, that is, allowed it to be driven into the intersection "heedlessly and in disregard of the right of way of the Boet vehicle which was approaching from her right", she also must be held negligent and her negligence, having contributed to the accident, stands in the way of her recovery.
For the above reasons, I respectfully dissent.
On Rehearing
LOTTINGER, Judge.
This rehearing was granted on the petition of defendant, State Farm Mutual Ins. Co., on our original judgment rendered on November 22nd, 1955.
The facts show that an accident occurred at between 4:00 and 4:30 o'clock a. m. on the morning of October 21, 1954, between a car belonging to petitioner, Mrs. Rodriguez but being driven by her sister, Mrs. McCord, and a car owned and driven by Mr. Boet. The Rodriguez car was being driven in a northerly direction on N. 14th Street, and the Boet car was proceeding westerly on Gayoso Street, in Baton Rouge, Louisiana. The evidence discloses that both streets are asphalt surface, and they are each about twenty-four feet in width. A Jewish cemetery is situated on the southeast corner of the intersection, and the cemetery is elevated some few feet so as to obstruct the view. Mrs. Rodriguez was a passenger in her car and sustained personal injuries resulting in this suit by her against Mr. Boet, his insurer, Franklin National Insurance Co., and State Farm Mutual Insurance Company. State Farm Mutual Ins. Co. was the liability insurer of the Rodriguez car. Suit is brought against it under the omnibus clause, as Mrs. McCord was driving with the permission of the *441 owner, and was, therefore, an additional insured.
The Lower Court awarded judgment in favor of petitioner and against all defendants. We reversed the judgment as against Mr. Boet and his insurer, but affirmed the judgment of the Lower Court as against State Farm Mutual Ins. Co. As stated above, the defendant asked for a rehearing which was granted, but same was limited to the question of independent or contributory negligence of the plaintiff.
The evidence disclosed that the car was owned by the petitioner, and that her sister, Mrs. McCord, was driving petitioner to work at the time of the accident. Therefore there was a relationship of principal and agent existing between petitioner and her sister at the time of the accident. As we held the sister, who was driving the car, guilty of contributory negligence, such contributory negligence was, therefore, imputed to the principal, or petitioner, insofar as third parties were concerned, as there was no question that the agent was acting within the scope and course of the agency relationship when the collision occurred. Therefore, under the theory of imputed negligence, the claim of petitioner against the third parties, Mr. Boet and his insurer, were dismissed by this Court.
The suit as against the State Farm Mutual Insurance Company, however, is a different matter. Under the omnibus clause petitioner was suing the insurance company as the insurer of her agent, Mrs. McCord. There would be no imputed negligence as the suit was one by the principal against her agent. In order to collect damages, therefore, the petitioner must be free of independent or contributory negligence, and the question, therefore, arises as to the duty of an owner-passenger of the vehicle involved in an accident.
A similar situation existed in McDowell v. National Surety Corporation, La.App., 68 So.2d 189, 193. In that case the husband, who was owner of the car, was asleep on the back seat when his wife, who was driving, negligently struck another vehicle. The husband brought suit against his liability insurer alleging that the wife was the insured under the omnibus clause. We held that the husband was guilty of no independent or contributory negligence and gave judgment in his favor. The Supreme Court denied writs. In the McDowell case, we said:
"As to any damages to third persons, the negligence of the wife would have been imputed to the husband, the principal in the community agency. Thus, he would have no defense to an action instituted by third persons, under the circumstances of this case. However, in the agency relationship, the law allows the principal to recover for the damages sustained by the principal as a result of the negligent acts of the agent."

In the dissenting opinion filed herein, Judge Ellis made reference to the cases of Riggs v. F. Strauss & Sons, La.App., 2 So. 2d 501 and Horn v. Barras, La.App., 172 So. 451. We have no quarrel with either of these cases as both were suits by an owner-passenger against third parties. The defendant likewise cites a number of cases in its brief on rehearing involving the same situation, suits by an owner-passenger against third parties. These cases involve the theory of imputed negligence to the owner under the principal  agency relationship against third parties and are therefore distinguished from the present case at bar.
White v. State Farm Mutual Ins. Co., 222 La. 994, 64 So.2d 245, 249, 42 A.L.R.2d 338, involves a suit by a guest passenger against the owner and insurer of the truck in which he was riding at the time of the accident, as well as the driver, owner and insurer of the other vehicle which was involved in the accident. In that case, the question arose as to whether the guest passenger was guilty of contributory negligence in not remonstrating to the driver who was proceeding down the approach to the Mississippi River bridge at Baton Rouge at a speed of 30 to 35 miles per hour under *442 icy conditions and in the face of signs warning of said conditions. In that case, with respect to the question of contributory negligence, the Supreme Court said:
"Contributory negligence is, as the phrase signifies, negligence which contributes to the accident, that is, negligence having causal connection with it and but for which the accident would not have occurred. Insofar as the rights of a guest in an automobile are concerned, it is settled that, in actions against third persons, the negligence of the host driver does not bar recovery because his negligence cannot be imputed to the guest. Lawrason v. Richard, 172 La. 696, 135 So. 29; Lorance v. Smith, 173 La. 883, 138 So. 871. However, a guest may be denied recovery on the ground of contributory negligence in instances where he is guilty on his own part of independent negligence of such a nature, that, but for which, his injuries would not have been sustained. Lorance v. Smith, supra; Churchill v. Texas & Pac. Ry. Co., 151 La. 726, 92 So. 314; Delaune v. Breaux, 174 La. 43, 139 So. 753; Squyres v. Baldwin, 191 La. 249, 185 So. 14. But in determining whether the asserted fault of a guest has been a contributing factor in bringing about his injuries, it is first necessary to ascertain what duties are imposed upon him as pertain to the operation of the vehicle and the safety of the journey."
In determining the duties of a guest passenger, the Court continued:
"It is firmly established by the above cited authorities of this Court and others of the Courts of Appeal of this State, too numerous to mention, that a guest is under no duty to supervise the driving of the vehicle and he is not obliged to look out for sudden or unexpected dangers that may arise. Albeit, he has the right to place reliance upon the driver to discharge that obligation and, as aptly expressed by the Court of Appeal, Second Circuit, in Singley v. Thomas, 49 So.2d, 465, 469, `* * * is not required to monitor the operation or to pay attention to the road and other traffic conditions' in the absence of a showing that he has actual or constructive knowledge that the driver is incompetent or unfit to operate the vehicle.
"On the other hand, the jurisprudence has imposed upon the guest an obligation to avoid an accident or injury to himself under certain conditions. That duty has been tersely said by this Court, in Delaune v. Breaux, supra, to exist in cases where the guest `* * * is aware of the fact that there is danger ahead, which apparently is unknown to the driver or may be unknown to him, or where a sudden or unexpected danger arises to the knowledge of the guest, apparently not observed by the driver * * *.' 174 La. at page 47, 139 So. at page 755. In such situations, it is incumbent on the guest to warn the driver of the danger and, if he fails to do so at a time when the driver is able to avert it, his dereliction may be said to be a contributing cause of any injury he may sustain."
61 C.J.S. verba, Motor Vehicles, § 486, p. 93, says:
"Probably the most important circumstance to be considered in determining the care to be exercised by the occupant, or his contributory negligence, is the fact that ordinarily he has no control, supervision, or management over the driver's operation of the motor vehicle, and, except where the occupant is the owner of the vehicle, he generally is under no duty to assume active physical control or supervision over such operation or to make suggestions as to the management of the vehicle. The occupant, however, should make an effort to control the operation of the vehicle in the face of known or obvious dangers, and where it is obvious that the driver is not taking precautions for their safety, *443 and in such a case the occupant may not be negligent in taking the wheel and swerving the car to avoid a collision with another car approaching on the wrong side of the road."
On page 107, we find:

"An owner riding in his own automobile driven by another is bound to the same degree of care as to looking out as is the driver, if the driver is acting for and on behalf of the owner in the operation of the automobile, or if the owner has not yielded to the driver a right of possession or control of the manner in which the automobile is being driven." (Italics ours.)
Page 108 contains:

"The extent of an occupant's or guest's duty to protest, depends on the facts and circumstances of the particular case, that is, on what a person of ordinary prudence would do, under the same or similar circumstances, with respect to protesting against the excessive or unlawful rate of speed, or other negligent or unlawful acts or conduct on the part of the driver." (Italics ours.)
American Jurisprudence, verba Automobiles, Volume 5, page 770, says:
"On the other hand, there is the general rule that ordinarily, a passenger in an automobile should sit still and say nothing because any other course may be dangerous. At precisely what point the duty arises to change from passive reliance to active protest is largely a factual question to be properly decided by the jury upon the basis of the available facts and circumstances. Generally speaking, the duty to remain silent exists in sudden emergencies."
In summarizing the above jurisprudence, we find that a guest has an obligation to avoid an accident when he is aware of the fact that there is danger ahead, which apparently is unknown to the driver or may be unknown to him, or where a sudden or unexpected danger arises to the knowledge of the guest, apparently not observed by the driver. Of course, this general rule depends on the facts and circumstances of each particular case, and the facts and circumstances must be weighed in each individual case to determine whether the guest was guilty of independent or contributory negligence.
Now that we have determined the law with respect to the duties of a guest-passenger, we come to the question before us, i. e., what are the duties of an owner-passenger. Certainly we feel that an owner-passenger is under a greater obligation than that of a guest passenger. We, furthermore, feel that the facts and circumstances of each individual case must be considered in order to determine whether the owner-passenger was guilty of any independent or contributory negligence. The question, therefore, to be answered is: Under the facts pertaining to the case, did the owner-passenger have any duty or opportunity to determine any danger ahead, and if so, what should she have done to avert the collision?
The facts show that the accident occurred in the early morning, the weather was cold but clear, headlights were burning on both vehicles, and a street light illuminated the intersection. The petitioner was being driven to her own work and in her own car. Her sister, who was driving, was evidently a competent driver, and she usually drove petitioner to work. On this particular morning, before entering N. 14th Street, they stopped a few moments for a garbage truck, then turned and headed north on 14th Street, drove one long city block before the accident. The driver, Mrs. McCord, testified that the motor of the car was cold and it kept bucking as they drove along until the time of the accident. The car was still in second gear at the time of the accident, and they were proceeding at a low rate of speed, less than twenty miles per hour.
The Boet car struck the petitioner's car at its right front door, which indicates that petitioner's car was more than half-way through the intersection at the time of the *444 accident. Mr. Boet testified that he was also proceeding slowly, and this is indicated by the evidence that neither car travelled more than a very short distance after the impact.
Petitioner and her sister had passed the intersection on many occasions, and were well aware that the intersection was a blind one insofar as cars coming from their right were concerned. There were no stop signs on either street, and the evidence shows that although Mrs. McCord was driving slowly, she did not come to a complete stop before entering the intersection. The evidence, however, shows that Mrs. McCord was a competent driver, at least nothing is shown which indicates any prior negligence on her part. It appears that she drove more than petitioner, and must have been as competent, or more so, than the petitioner.
Under the facts and circumstances of this case we do not believe that petitioner would be duty bound to assume that her sister would be negligent and to warn her to stop at the intersection before reaching same, as the driver was as familiar therewith as was petitioner, and we feel the petitioner was safe in her assumption and had the right to assume that her sister would exercise the necessary caution at the right time. There was nothing to be alarmed about thus far. We feel that petitioner acted just like a person of ordinary prudence would have done, under the same or similar circumstances. Furthermore, we do not feel that petitioner was aware of the driver's intention not to stop, as the record shows that the driver was proceeding slowly and the car was bucking. Certainly, under such conditions, the petitioner could not notice if the driver had released her foot from the accelerator prior to stepping on the brakes. Considering the fact that an automobile traveling at the rate of 20 miles per hour is moving at the rate of 29 feet per second and that the average driver reacts to a warning in three-fourths of a second, during which time the vehicle has moved 22 feet and at such speed the total distance required to stop is 40 feet, Blashfield Cyclopedia of Automobile Law and Practice, 9 C Section 6237, and further considering the width of Gayoso Street, of twenty-four feet, the car must have been into the intersection by the time petitioner was aware of the driver's failure to stop. Due to the blind corner, none of the parties concerned, petitioner, her driver or Mr. Boet noticed the other car or could see the other car until just a split second before the impact, at which time it was too late to avert the collision.
After weighing all of the facts of the accident, and considering that petitioner was an owner-passenger, as distinguished from a guest passenger, we do not feel that she can be held guilty of independent or contributory negligence under the facts as presented in this case.
For the reasons assigned, our original judgment herein will be affirmed, all costs of this rehearing to be paid by the defendant.
Judgment affirmed.
ELLIS, Judge (dissenting).
On rehearing, a much softer view of the facts has been taken. The Rodriguez automobile is described as traveling "at a low rate of speed, less than twenty miles per hour." And the Boet automobile was also proceeding at a slow rate, since the automobiles did not travel far from the point of impact.
Be this as it may, the law applicable to these facts is, in my opinion, the same as the law which seemed applicable to the harsher fact situation.
Riggs v. F. Strauss & Sons, La.App., 2 So.2d 501, and Horn v. Barras, La.App., 172 So. 451, were cited in support of the dissent on the original appeal. It is contended in the majority opinion, on rehearing, that neither of these cases are in point, because a third person is being sued in each of them. However, the question of the owner-passenger's duty is exactly the same, regardless of whom he happens to sue.
*445 In the majority opinion, on rehearing, the following rule from 61 C.J.S. verba, Motor Vehicles, § 488, p. 107, is quoted:
"`An owner riding in his own automobile driven by another is bound to the same degree of care as to looking out as is the driver, if the driver is acting for and on behalf of the owner in the operation of the automobile, or if the owner has not yielded to the driver a right of possession or control of the manner in which the automobile is being driven.'"
This is an affirmative and an independent duty placed upon the owner-passenger. Applying this rule to the facts herein presented, petitioner was duty bound to use the high degree of care which the driver is to use in keeping a proper lookout. The driver was acting for and on behalf of the owner and it is not shown that the right of possession or control of the manner in which the automobile was driven had been surrendered by the owner to the driver.
Since the law imposes a duty upon the owner-passenger, it is difficult to see how this duty may be escaped, barring unforeseen and sudden occurrences or unpredictable negligent acts by the driver. Here the Rodriguez automobile was driven into a known blind intersection without stopping the automobile or even slacking the speed of operation. The fact that the automobile was being operated at a speed less than twenty miles per hour would not vary the duty imposed. The slower the speed, the greater the opportunity for timely warning which is afforded the owner-passenger. In a situation such as this, there must be a point of no return, so to speak, at which the owner-passenger must reasonably realize that the driver probably has no intention of stopping for the intersection and the owner-passenger then has an immediate duty to warn the driver of his duty under the law. Upon failure to do so, the owner-passenger must suffer the consequences of his shirked duty and independent negligence.
For the reasons assigned, I respectfully dissent.