PER CURIAM..
Bazar A. Pierrotti sues Huff Truck Lines,' Inc. and its insurer for $300.26 being the amount of damages allegedly done to plaintiff’s car in a collision with one of defendant’s trucks on August 17, 1951. The collision occurred-on Choctaw Road in the City of Baton Rouge at.or near the intersection of that Road and Sorrell Street. Plaintiff’s car, a 1950 Ford, was at the time travelling west on Choctaw Road. It was being driven by Nat Manuel with plaintiff riding on the front seat with, him and with their respective wives riding on the rear seat. These parties had driven from their homes at Mamou, in Evangeline Parish, and were en route to Our Lady of'the Lake Sanitarium where plaintiff’s daughter (and sister-in-law*of Manuel) was to have or already had an operation. The collision occurred between 4 and 5 p.m.; it wás raining at the time,, and traffic on Choctaw was heavy. The Huff vehicle, which was a tractor and trailer combination about 48 to 5Q feet long, approached Choctaw from the north and made a left turn off of Sorrell Street in; the face . of plaintiff’s approaching car. The Ford'struck the rear wheel of the trailer, damaging the car' in the front center.
The case went to trial on February 29, 1952. " On July 22, 1952 judgment was rendered rejecting plaintiff’s demands and dismissing his suit. In October, 1952 plaintiff took an, appeal.
Only six witnesses testified at the trial: plaintiff, Manuel, two State police officers who ¡investigated the accident, the driver of the Huff truck, and an insurance adjus.ter who took pictures of the scene a short time before the trial. This case presents the usual amount of contradictory testimony between the two sides. For example, plaintiff' and his driver both stated they did not and could not (or thought they could, not) seethe truck until they were within albout 25 feet of it, this,being'due-to the presence .of' a store in the northeast corner of the intersection located close to the road, with a sign, sitting on the sidewalk in front, and a china-ball tree growing, somewhere close to the-corner; but the driver of ,the . Huff truck said that he looked down Choctaw from his. position on. Sorrell before he pulled into-Choctaw and he claimed .he was able to see plaintiff’s car down past,the railroad track about one and % blocks off. Of course, if" he could see plaintiff’s car, the plaintiff and. his driver should have been able to see the front of the truck. Again, plaintiff and 5 *887 Manuel both testified that they had been driving' along Choctaw at about 25 miles an hour; but Jones, the truck driver, estimated that when he saw them they were travelling about 45 miles per hour.
In addition to these and other contradictions, this case features also some obvious mistakes made by most of the participants. For instance, Willie Jones, the truck driver, said at one point that he had seen plaintiff’s car when it was beyond the railroad, about one and % blocks away; at another point he stated that the railroad was 4 to 5 blocks away.. Then plaintiff and Manuel both declared that they arrived to within 25 or 30 feet of Sorrell Street before they saw the truck, and they didn’t believe anyone could have seen it sooner. However, this entirely disregards the fact that about 44 feet of the tractor-trailer passed through their lane before the collision, travelling at a speed of only about % of their speed. And one of the state troopers was of the opinion at the trial that the car collided with the rear left wheel of the tractor; but everybody else established it as the rear wheel of the trailer.
Most of the facts considered hereinafter stand without contradiction; the others are considered established by the evidence. Willie Jones, the truck driver, stopped on Sorrell Street waiting for a break in the traffic before he entered Choctaw. How far to his left he could see down Choctaw is not established with any satisfaction. But when Willie thought he saw1 an ample opening he began his movement into Choctaw. By the time the driver’s seat of his tractor got even with the line of the shoulder of Choctaw Willie could have seen anyone approach from his left, and by the same token anyone approaching could have seen the entrance of his vehicle. He proceeded into Choctaw and made his left turn. The rear end of the trailer was still on the north side of Choctaw when the collision occurred and when the vehicles stopped.
State Trooper Duval said that when he arrived at the scene the vehicles were in contact (the front of the car with the left rear wheel of the trailer) 9 paces east of Sorrell; Trooper Boyd said this was 13 paces. Nat Manuel said the collision occurred about 15 feet east of Sorrell and .the truck then dragged-their car back eastward about -20 feet. ■■ From all this we conclude that the impact occurred at least 10 feet east of Sorrell.
It was testified that the rear wheels of the trailer were about 4 feet from its back end. Then, since the tractor-trailer was 48 to 50 feet long, this means that at the time of the impact the front of the tractor was about 54 feet east of Sorrell. It had travelled across the 4-foot shoulder and across the bulk of Choctaw road (or another 10 feet), making a total of 68 feet covered in plain view of approaching traffic, before the impact occurred. Assuming that the truck “cut the corner” we can deduct 10 feet from that so as to avoid any possible unfairness to plaintiff.
The truck had been stopped Just before it entered Choctaw. The driver told the State Troopers he was 'going about 10 miles an hour as he made his turn. The plaintiff and Manuel both said the truck wasn’t going fast. The driver testified that he had already stopped before the impact. We don’t believe that is correct; but he did stop within another 15 or 20 feet, so he could not have been going fast and may have had his foot on the brake at the time of the impact. Considering these things we do not see how ■the truck could have averaged more than 5 miles per hour -between the time it started up and the time of the impact. At 5 miles per hour the truck was moving only 7 feet per second. So, 8 and % seconds were consumed while the front of the truck travelled 58 feet in full view of plaintiff’s car.
During that 8 and % seconds plaintiff’s car was going 25 miles an hour (according to plaintiff and Manuel both), except for the last moment or so when Manuel applied his brakes. Just when he applied the brakes and how much he slowed down no one can tell. If, however, we assume that during that 8 and 2h seconds plaintiff’s car averaged only 20 miles per hour the assumption will be liberal from plaintiff’s standpoint. At 20 miles per hour plaintiff’s car was going 29 feet per second. This means that 8 and % seconds before the impact, that is, when the front of the truck came into full view, *888 plaintiff’s car was 269 feet away. If Manuel had been looking carefully, and had seen what he could and should have seen when it came within his view, he would have been able to- stop within that space and so would have avoided the accident. He was negligent in not seeing what he could have seen. His negligence is attributable to his principal, so plaintiff cannot recover. ■
For the reasons assigned the judgment appealed from is affirmed.