FRUGÉ, Judge.
This is a suit for damages instituted by Mrs. Aline Gaspard against North River Insurance Company as the insurer of an automobile belonging to her husband, Deus-sard Gaspard, and against Bradley C. Le-maire and his insurer, United States Casualty Company arising out of an automobile accident which occurred when an automobile, owned by Clifford Lemaire and operated by defendant, Bradley C. Lemaire, collided with an automobile driven by Wil-man Gaspard, in which Aline Gaspard was riding in the middle of the front seat.
This case was tried before a jury which rendered a verdict in favor of the plaintiff and against United States Casualty Company, Bradley C. Lemaire and North River Insurance Company in the sum of $19,500. From this judgment both insurance companies, North River Insurance Company and United States Casualty Company have appealed suspensively. Bradley C. Lemaire appealed devolutively.
The accident allegedly causing the injuries and damage to Mrs. Gaspard occurred on September 11, 1960, at approximately 10:00 A.M. on Louisiana Highway 35. Wilman Gaspard was driving the vehicle in which plaintiff was sitting in the front middle seat. They were traveling approximately North and were approaching a private driveway to the daughter of the plaintiff on the left side of the road. Bradley Lemaire was driving an automobile belonging to Clifford Lemaire in a northerly direction approaching the Gaspard vehicle from the rear. The accident occurred as Bradley C. Lemaire was attempting to pass the Gaspard vehicle on the left in the passing lane, when Wilman Gaspard made a left turn with the intention of proceeding into the driveway to the home of the daughter of the plaintiff.
Since the jury rendered its verdict against all of the defendants in this action we must assume that they found that both drivers were at fault. Furthermore, we find that this conclusion is consistent with the instructions given the jury by our learned brother in the lower court, which pronounced:
“Contributory negligence is, as the phrase signifies, negligence which contributes to-the accident, that is, negligence having casual connection with it and but for which the accident would not have occurred. Insofar as the rights of a guest in an automobile are concerned, it is settled that, in actions against third persons, the negligence of the host driver does not bar recovery because his negligence cannot be imputed to the guest.” (Tr. 290.)
Learned counsel for defendants, Bradley C. Lemaire and United States Casualty Company, argues that this instruction does not correctly state the law of this state, *469 citing numerous cases in support of this position.
In a recent decision, Service Fire Insurance Company v. Johnson and Bell, La. App., 138 So.2d 410, this court had occasion to examine the jurisprudence on this identical issue, and stated:
“Where the owner, with the theoretical right of control over another driving his car, is a passenger therein in an accident when the ride is for his "benefit or for the mutual benefit of himself and the driver, then, as to third persons involved in the accident, the negligence of the driver is imputed to the owner as that of an agent, and if a proximate cause of the accident, may either render the owner liable to the third party or constitute contributory negligence barring recovery by the owner from the third party, see Waguespack v. Savarese, La.App., 13 So.2d 726; Weitkam v. Johnston, La.App., 5 So.2d 582; Riggs v. F. Strauss & Son, La.App., 2 So.2d 501, see also Note, 12 La.Law Review 323; Pierrotti v. Huff Truck Lines, Inc., La.App. 1 Cir., 63 So.2d 886; Rodriguez v. State Farm Mutual Insurance Co., La. App., 88 So.2d 432; Martin v. Brown, 240 La. 674, 124 So.2d 904. * * * ”
Learned counsel for plaintiff-appellee ar-gues that when the passenger is the owner, there may be some basis for assuming that he or she has control over the car and the manner of its operation. However, he further contends that when the passenger is a wife who has ownership only to the extent that she would be recognized as having an undivided interest in the car at the time the
community ceased to exist, and in the meantime has no control whatever over any community property, then any negligence on the part of the driver of the community-owned car cannot be imputed to her unless it be shown that she acted to cause such negligence.
We do not deem it necessary to consider :the wife’s present rights of ownership in the automobile in the case at bar. While ownership is certainly relevant in the determination of the right of control, it is not the sole test of such control. Thus in the case of Smith v. Sladovich and Rosengarten, 3 La.App. 527 it was held that a major son was responsible for the negligence of a friend whom he permitted to drive his father’s automobile.
Similarly in the case of Monroe v. Heard, La.App., 168 So. 519, the court stated:
“The liability of the occupant of an automobile driven by another under his direction and control is stated in 42 Corpus Juris at Page 1123, as follows: ‘So likewise where the occupant, although he is not the ov¡n%er and is not driving the vehicle himself, is in actual control of its operation, or where he has the right to control and direct the driver and fails to do so, or where, being in control, he permits another to drive, he will be held responsible for any injury sustained by a third person by reason of the negligent operation of the vehicle.’ ”
Further basis for the mother’s right of control may be found in LSA-Civil Code Article 217 which provides :
“As long as the child remains under the authority of his father and mother, he is bound to obey them in everything which is not contrary to good morals and laws.”
In the case at bar the driver of the automobile, in which plaintiff was riding, was Wilman Gaspard, plaintiff’s fifteen year old son. Furthermore, plaintiff testified that while she was in the car she had control over her son’s actions. (Tr. 174 and 17S.) Therefore, under the facts and circumstances of this case as well as the law of this state, we are of the opinion that Wilman Gaspard was the agent of Aline Gaspard. It must necessarily follow that if the former is found contributorily negligent such negligence must be imputed to the plaintiff.
*470 That Wilman Gaspard was negligent in making his left turn maneuver seems obvious. A left turn, by its very nature being a highly dangerous maneuver, should not be undertaken without a very high degree of care. The proper signal must be given and one turning left must yield the right-of-way to traffic approaching in either direction. LSA-R.S. 32:235-236. Furthermore, it is not enough that the driver intending to make a left turn signify such intention by the appropriate signal and execute the maneuver. He is under a duty to look to his rear just before attempting the left turn in order that he may be sure that the turn can be made in safety. Washington Fire & Marine Ins. Co. v. Firemen’s Insurance Company et al., 232 La. 379, 94 So.2d 295; Sonnier v. Great American Insurance Company et al., La.App., 134 So.2d 363; Deshotels v. United States Fire Insurance Company, 132 So.2d 504. The record discloses that although Wilman Gas-pard signaled (Gaspard’s blinker lights were seen on after the accident) his intention of making a left turn, he failed to ascertain whether or not the way was clear immediately before making the left turn.
We are of the opinion that Wilman Gas-pard was negligent in failing to maintain a proper lookout as to overtaking traffic and that this negligence was the proximate cause of the accident herein sued upon. Thus, under the circumstances herein, plaintiff’s son’s negligence causing the accident is imputed to plaintiff and bars her recovery from the other driver (Lemaire) and his liability insurer, whether Lemaire was concurrently negligent or not. The judgment will be amended accordingly.
As to the remaining defendant, North River Insurance Company, the doctrine of “imputed negligence” is not an available defense, Bourg v. Hubble, La.App., 68 So.2d 639; Rodriguez v. State Farm Mutual Insurance Company, La.App., 88 So.2d 432; although of course as there stated, plaintiff may be guilty of independent negligence contributing to the accident which bars recovery.
 It is well settled that under ordinary circumstances a passenger may rely upon the care and skill of his driver and is under no duty to supervise the driving of the vehicle or to maintain an independent lookout. White v. State Farm Mutual Auto Insurance Co. et al., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. Thus, in the case at bar, plaintiff was entitled to rely upon her driver’s lookout and care, and we fail to-find any independent or contributory negligence on plaintiff’s part in her so doing. Prior to the driver’s heedless left turn-maneuver, his manner of driving was not so-clearly negligent as to alert the passenger to the necessity of remonstrance or of exercise of the right of control. Having found' Wilman Gaspard’s negligence to be the-proximate cause of the accident and plaintiff’s injuries, we therefore conclude that North River Insurance Company was correctly cast in judgment by the lower court.
Plaintiff sustained very painful injuries, consisting primarily of a fracture of the first lumbar vertebrae. Plaintiff was hospitalized for three weeks, required to-wear a brace. Furthermore, an orthopedic-expert found a 25-30% compression of said vertebral body with permanent damage to-the containing sac. Additionally it was established that she would be subjected to a certain amount of pain for the rest of her life. We therefore conclude that the award of the jury of $19,500 was neither manifestly insufficient or excessive and will not disturb it.
However, inasmuch as the policy issued' by North River Insurance Company is limited to $10,000 per person per accident, the judgment is amended in accordance with this amount.
For the reasons assigned judgment is rendered in favor of plaintiff against defendant, North River Insurance Company, in the amount of $10,000 together with legal *471 interest thereon from date of judicial demand until paid, and thus affirmed as •amended and in all other respects reversed; said defendant to pay all costs of these proceedings and of this appeal.
Amended in part and reversed in part, and affirmed as amended.