GULOTTA, Judge.
This is an appeal by defendants, Leroy J. Trivigne and Grain Dealers Mutual Insurance Company, seeking the reduction of a jury verdict in favor of plaintiffs in the sum of $5,000. Plaintiffs answered the appeal seeking an increase in the amount of the award.
The facts are that on January 14, 1966, plaintiff, Mrs. Bournes, a 41 year old woman, was driving her automobile on Ponchartrain Boulevard in the city of New Orleans in the direction of Veterans Highway when struck from the rear by an automobile driven by the defendant, Leroy J. Trivigne. As a result of the accident, Mrs. Bournes was injured. The damage sustained from that injury is the subject of this litigation.
It was stipulated that the damage to plaintiff’s automobile amounted to $129.63. Furthermore, there is no question of liability on appeal.
The sole and only issue before us is whether the amount of the jury award for the personal injuries sustained by Mrs. Bournes is excessive or inadequate.
According to the testimony of Mrs. Bournes, immediately upon impact her head was thrust backwards over the back of the seat and then forward, after which she struck the steering wheel causing severe pain and numbness in the area of the neck, upper back, and right shoulder. She testified that she suffered with discomfort in the neck causing difficulty in sleeping which apparently continued for a period of *701 well over a year subsequent to the accident. She did not work from January through April, 1966, and although she tried to return to work after that time, she was unable to do so. It was not until 1970 that Mrs. Bournes commenced to work regularly and still then suffered discomfort.
At the time of the accident, plaintiff was driving to her place of employment at Remington-Rand where she was employed in the capacity of a custodian, doing janitorial work. She had other employment as a domestic and her earnings from both jobs totaled $53.00 per week. On the day following the accident, Mrs. Bournes went to Touro Infirmary where x-rays were taken. She was then referred to Dr. Morris Levy.
Plaintiff was seen by Dr. Levy on January 17, 1966. He diagnosed a severely acute cervical sprain, contusions of the right shoulder, and contusion of the cervical nerves of the left side of the neck. He noted internal bleeding in the tissue and related that this was caused by the neck being stretched to such an extent that some of the fibers broke resulting in bleeding between the tissues causing spasms. He discerned muscle spasm in the neck, tenderness down the middle of the neck from the base of the neck to the shoulder and soreness in the shoulder. There was no response to pin pricks in the left side of the neck and on the lower part of the left side of the face evidencing numbness and indicating some injury to the nerves in this area. Dr. Levy prescribed a muscle relaxant and heat treatment. Subsequent examination on January 21, 1966, revealed muscle spasm with the additional complaint of difficulty in swallowing. No evidence of spasm was found on January 28, 1966, but decreased sensation still remained. In February, 1966, Dr. Levy’s findings were that sensation was returning to the left side of the neck; however, there remained soreness of the neck and shoulder area. He continued to prescribe muscle relaxants. On April 11, 1966, plaintiff was discharged, although she was still evidencing pain on that date.
Mrs. Bournes continued to experience pain in the right shoulder which became acute precipitating a return visit to Dr. Levy on December 15, 1966. X-rays revealed a calcium deposit in the shoulder; however, according to Dr. Levy, these deposits were not caused by the accident but rather the contusion of the shoulder had caused aggravation of a pre-existent lesion resulting in acute pain. An injection was administered to reduce inflammation and pain. On December 21, Dr. Levy noted that the acuteness of the pain had subsided but that soreness remained. Under cross examination, he stated that Mrs. Bournes was not disabled after February 18 and could perform her normal functions by March 25, 1966, and that at the time of the initial examination, plaintiff had full range of motion of the neck.
Dr. George R. Cary, Jr., an expert in orthopedic surgery, saw Mrs. Bournes on February 18, 1966, and found the range of motion of the neck limited in flexion and extension by 45 degrees but discovered no muscle spasm. There was tenderness in the midline structure of the neck, back, and over both sides of the shoulder. Subsequent visits on February 22 revealed no objective findings according to Dr. Cary. His testimony was in conflict with Dr. Levy’s in that he found no relation between the accident and the acute pain or continued tenderness of the right shoulder.
It is plaintiff’s contention that she not only suffered physical pain but that she experienced additional prolonged discomfort as a result of emotional anxiety, all of which was attributable to the accident. In support of her contention, plaintiff offered the testimony of Dr. Kyle Hamm, an expert in psychiatry, who saw Mrs. Bournes on two occasions in 1967 and on three occasions in 1970. He testified that the plaintiff had an underlying emotional problem which came forward as a result of the accident and while there may be no organic reason for pain, nevertheless she did in fact experience pain. He diagnosed Mrs. Bournes as having an abnormal need to be *702 taken care of which existed before the accident but outwardly manifested itself as a result of the accident. She derived satisfaction from the attention she received and from the pity shown to her, thus satisfying her emotional needs. This, according to Dr. Hamm, is indicative of her lack of full emotional development. Dr. Hamm does not characterize plaintiff as a malingerer but as one who continuously seeks to satisfy an emotional need by experiencing pain.
It is defendant’s contention that the excessive amount of the jury award reflects that the jury erroneously predicated part of its award on the emotional aspect of plaintiff’s claim. Defendants argue that the actual physical injury suffered by plaintiff is of such a minor nature as to make the amount of the jury award excessive and that the claim for emotional injury was lacking in proof and should be disregarded thereby resulting in a substantial reduction.
We are not impressed by Dr. Hamm’s testimony that Mrs. Bournes experienced any pain or additional prolonged discomfort as a result of a neurosis or emotional anxiety which was either causally connected or attributable to the accident. Irrespective of this conclusion, we do not deem the amount of the award excessive.
While we are unable to ascertain with certainty to what extent the jury was influenced by the medical evidence relating to the physical injuries, nevertheless the amount of the award is consistent with the seriousness of the physical injury resulting in prolonged pain and discomfort together with loss of earnings suffered by plaintiff during the period of time that she was undergoing treatment by Dr. Levy.
Defendants further claim that the trial judge erred in his refusal to give special charges to the jury that claims involving mental or nervous disorders should be scrutinized with extreme care and utmost caution because of the nebulous character of such cases. Cain v. Travelers Insurance Company, 244 So.2d 619 (La.App. 4th Cir. 1971); Ladner v. Higgins, Inc., 71 So.2d 242 (Orl.App.1954); Miller v. United States Fidelity and Guaranty Company, 99 So.2d 511 (La.App. 2d Cir. 1957).
Because of our determination disregarding the emotional aspect of the plaintiff’s claim, any consideration of defendants’ complaint that the failure of the trial judge to charge the jury on the proof required in cases involving pain caused from emotional or neurotic disorders is now moot. We find no compelling reason to consider this assignment of error.
Under the facts before us, we are of the opinion that the jury did not abuse its discretion; and unless the record reflects a clear abuse of the broad discretion reposed in the jury, we cannot disturb the amount of the award. LSA-C.C. art. 1934 (3); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
Accordingly, we find that the award was neither excessive nor inadequate. The judgment is affirmed.
Affirmed.