BOLIN, Judge.
Elven V. Moore and Mary L. Moore, husband and wife, sued Jimmie A. Johnson and her husband, Percy Johnson, for damages allegedly resulting from a near head-on collision between a truck driven by Elven Moore and a Pontiac automobile driven by Jimmie Johnson. From a judgment in favor of Elven V. Moore for $500.25 as expenses incurred by the community, and in favor of Mary L. Moore for $7,500 for personal injuries, defendants appeal. For reasons hereinafter expressed we affirm the judgment of the lower court.
The issues on appeal relate to whose fault caused the accident and the amount to be awarded Mary L. Moore for her personal injuries in the event judgment is rendered against defendants.
The accident occurred at the intersection of Camille Street and Linwood Avenue, a four-lane street running generally north and south in the City of Shreveport. It is undisputed that at the time of the accident it was dark and a light mist was falling. The Moore truck was proceeding north next to the center line of the avenue. The Johnson automobile was traveling south in the southbound lane, also next to the center line of the street.
Moore’s version of the accident is that he noticed the Johnson vehicle veering or turning to its left across the center line into the northbound lanes. Moore said he steered his truck to the right in an effort to miss the Pontiac but was unable to do so. Moore placed the point of impact in the northbound lane and said his truck came to rest near the right curb. He further testified the vehicles collided almost head-on with the principal damage being to the left front of each vehicle.
Passengers in the Moore vehicle were his wife, Mary L. Moore, and Lula Mae Shirey. While these witnesses were rather inattentive to the circumstances surrounding the accident, their testimony did corroborate the truck driver’s statement that the accident happened in the northbound lane of Linwood Avenue.
Defendants’ version of the cause of the accident and the point of impact is directly contrary to that of plaintiffs. Jimmie *107 Johnson testified she was driving the community owned Pontiac south in the inside lane; that her husband was seated beside her on the front seat where he was holding their small baby. Mrs. Johnson said that while she was driving south, the Moore truck attempted to pass a vehicle which was also going north; that in executing the passing maneuver, Moore drove his truck into the southbound lane and collided almost head-on with the Pontiac. She said the impact spun her car around and it came to rest headed north in the southbound lane. Percy Johnson testified he was asleep and did not witness the accident.
Both Moore and Jimmie Johnson testified the City Police investigated the accident and they gave statements to the investigating officer. However, no investigative report was introduced nor was the officer called to testify.
The only other witness who testified he saw the accident was Charles Edward Hill, 19 years of age, who said he lived in the neighborhood. He said he was walking north on the left side of Linwood and observed the truck going north with another car in front of it; that the truck made a sudden swing in order to go around the lead car and, in doing so, crossed into the southbound lane and struck the Pontiac. The district judge, in his written reasons for judgment, stated, “There was much confusion in the testimony of this young man and with his demeanor on the stand, we do not believe his testimony worthy of belief . . . . ” The district judge further concluded from his review of all the evidence that the accident was caused by the negligence of Jimmie Johnson in making an abrupt left turn in front of the Moore truck.
Counsel for appellants has strenuously and ' forcefully argued his case both in brief and orally before this court. It is contended the great weight of testimony is contrary to the holding of the trial judge. Appellants say no logical reason has been shown for Jimmie Johnson to have made an abrupt left turn across the northbound traffic. In this connection the evidence reflects Camille Street forms a T-intersection with Linwood from the east. Jimmie Johnson testified there was no reason for her to turn left into Camille as she was on the way to her home which was thirteen blocks south of Camille Street.
Appellants also assert the decision of the lower court was based on irreconcilable testimony and was contrary to the physical facts surrounding the accident. In furtherance of this argument it is pointed out the point of impact was the left front portion of each vehicle, which is more consistent with the version of appellants than that of appellees.
While it is true that either Jimmie Johnson or Elven Moore acted in a careless and unpredictable manner, we are not in a position to say the trial judge incorrectly assessed the credibility of the witnesses. From our reading of this record we cannot say the trial judge was not justified in finding Charles Edward Hill unworthy of belief. Having observed his demeanor on the stand, the district judge was in a much better position to assess his credibility than is this court.
Physical evidence such as debris, skid marks and location of the physical damage on the vehicles involved is always admissible and relevant to aid the court in determining fault in automobile accident cases. However, no physical evidence has been introduced nor testified to in this case which would establish the point of impact of the two vehicles. We conclude that a mere finding that the principal point of impact was on the left front of the truck and Pontiac is not incompatible with a finding that the accident was caused by Jimmie Johnson negligently veering her vehicle to the left into the path of the northbound Moore truck.
We have carefully considered the brief and arguments advanced by appellant and *108 conclude the judgment of the trial court on the question of fault should be affirmed.
Appellants also specify the lower court erred in holding Jimmie Johnson was on a community mission at the time of the accident. This contention is without foundation either in law or fact. The evidence is uncontradicted that Jimmie Johnson had been to visit her sick mother and was returning to her home at the time of the accident. Her husband not only consented to her driving the automobile but was seated in the front seat next to the driver, holding their child in his lap. In Demoss v. Summers (La.App.2d Cir. 1972) 257 So.2d 164, recently decided by this court, we reviewed the law relative to the liability of the husband as head and master of the community for injuries caused by the tor-tious conduct of the wife while driving the community vehicle. We concluded that when a wife habitually drives the community vehicle and, while on a mission which is for her own recreation, enjoyment or pleasure, she is involved in an accident, she is on a community mission. See Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950). Further, the testimony of Percy Johnson casts no doubt on the fact the wife was driving with his permission.
The cases cited by counsel for appellant in his brief are inapposite to the facts of this case. It is rather difficult to conceive of a mission more in keeping with the duties of a wife than that of visiting, her mother who was ill.
Left for decision is the question of whether an award of $7,500 to Mary L. Moore for her personal injuries was excessive. Louisiana Civil Code Article 1934 (3) provides that much discretion must be left to the judge in the assessment of damages. Beginning with Gaspard v. LeMaire, 146 So.2d 467 (La.App.3d Cir. 1962), reviewed on certiorari to Louisiana Supreme Court in 245 La. 239, 158 So.2d 149 (1963), our courts have held lower court awards in damage suits should not be altered unless there is a showing the trial judge abused this discretion. We shall not attempt to review the language in the various cases following Gaspard but certainly the provision of the codal article makes it clear the appellate court should not decide the question of quantum de novo from the record before it. To do so would relegate the trial judge or juries to a position of observers with no authority or power.
The medical evidence relative to the injuries suffered by Mrs. Moore consisted of a stipulation as to what Dr. Charles L. Black, a Shreveport surgeon, would testify to if he were present and sworn. This stipulation shows Mrs. Moore was seen and treated by Dr. Black on January 2, 1969, the day of the accident. He discovered she had a broken left foot and lacerations above her right eyebrow extending to the bridge of her nose, requiring twenty-four stitches. She was hospitalized for five days and a “boot” cast was applied to her foot while she was in the hospital. This cast extended . from her foot to just below her knee. She was discharged from the hospital on January 8 but continued to be treated by Dr. Black until March 8, 1969. She was required to use crutches for a while but apparently suffered no permanent disability.
For these injuries the lower court awarded her $7,500 and while we might fix the damages at a different amount if we were deciding the case for the first time from a cold record, we are unable to find the district judge abused his discretion in rendering the judgment appealed from.
Counsel for appellants contends in brief before this court that defendants are uninsured and without financial means to respond to the judgment rendered against them. While the court may take into consideration the financial ability of a defendant to pay in assessing damages against him, the obligation to introduce evidence to this effect is upon the defendant. There being no evidence in the record to substantiate appellants’ contention, raised for the *109 first time in brief before this court, we are powerless to take this into consideration.
Elven V. Moore was awarded $500.25 for medical expenses and the $50 deductible for damage to the community automobile. The correctness of this item has not been questioned on appeal.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.