FRUGÉ, Judge.
This is a suit by an insured automobile owner against his own liability insurer for recovery on behalf of his two children under the liability portion of his policy for *256 their injuries resulting from his own alleged negligence. The trial court held that he was precluded from bringing this suit because of an exclusionary clause in the policy. Plaintiff appealed. We reverse.
James M. Cooper instituted this suit individually and on behalf of his minor children, Russell Cooper, age 12 at the time of the accident, and Marty Cooper, age 8 at the time of the accident, alleging his own negligence resulting in injuries to the two boys. The negligent acts with which plaintiff charges himself are:
(1) In allowing his children to ride on the back of the truck; and
(2) Negligence operation of the truck (“backing his tow truck and cargo into a dirt bank * * *”).
Defendant answered, denying that its policy afforded liability coverage to plaintiff in connection with the accident sued upon and alternatively alleged the contributory negligence of the two boys. Defendant also filed an exception of no cause of action to plaintiffs individual claim for medical, hospital and related expenses, which exception was referred to the merits by agreement of the parties.
Mr. Orville Stringer, the brother-in-law of the plaintiff, has been in the automobile business for the past ten to fifteen years. His business consisted of buying and selling automobiles, repairing automobiles, selling used parts and operating an automobile wrecking yard. Prior to July 12, 1968, Mr. Stringer operated his business from premises located on Highway 84 east of Jena, Louisiana, which he rented on a month to month basis. Several days prior to July 12, 1969, a representative of the Louisiana Highway Department advised Mr. Stringer that he was utilizing a portion of the highway right-of-way in front of his business for the parking of automobiles and that such vehicles would have to be removed from the highway right-of-way.
Mr. Cooper, the plaintiff, was employed in oil field work on a seven day on and a seven day off work basis. On July 11th and July 12th, Mr. Cooper was on an off work basis from his regular job and offered to assist his brother-in-law in moving the automobiles from the right-of-way to the Belah Community where Mr. Stringer subsequently reopened his business.
Mr. Cooper had removed several cars for Mr. Stringer on July 11th. On July 12th, he had moved two cars ánd was in the process of moving the third one when the accident happened.
Mr. Cooper was using an old winch truck with an oil field bed on it and a set of gin poles mounted on the back of the bed, in order to move the car. The two boys had ridden in the cab of the truck on the first two trips on July 12th, but on the third trip, Mr. Cooper “let ’em out talk me” and let them ride on the back of the truck. When he reached the Belah Community, he pulled up into the driveway and began backing over a graded road and the back bumper of the car he was towing hit the ground and caused the front of the car to strike the gin poles knocking them over onto the headache rack of the truck. Unknown to Mr. Cooper, Rusty had climbed up on the headache rack and one of the gin poles struck him on the leg. Apparently either the chain or cable or a gin pole struck Marty on the arm. Mr. Cooper had instructed the boys to either stand beside the headache rack and hold onto it or sit down, and they were instructed not to move around.
The defendant, State Farm Mutual Automobile Insurance Company, had issued plaintiff a policy of family automobile insurance on a 1966 Oldsmobile 4-door sedan. In addition to providing liability coverage arising out of the use of the owned automobile, the policy afforded such liability coverage to Mr. Cooper while using a non-owned automobile unless otherwise excluded. The winch truck which Mr. Cooper was operating at the time of the accident would qualify as a non-owned automobile under the policy and would be covered by the policy unless it came within *257 one of the exclusions. Defendant appellee urged that this vehicle came within the following exclusion in Part I of the Liability Portion of the policy:
“Exclusions. This policy does not apply under Part I:
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, . . . ”
The term “automobile business” is defined in the policy as follows :
“ ‘automobile business’ means the business or occupation of selling, repairing, servicing, storing, or parking automobiles”.
Appellant contends (1) that Mr. Cooper was not employed or otherwise engaged in Mr. Stringer’s business; or (2) if he was engaged in Mr. Stringer’s business, he was not engaged in any of the acts enumerated in the definition of automobile business; and lastly (3) that Mr. Stringer was out of the automobile business at the time of the accident.
At the outset it must be noted that this exclusionary clause applies only to a person who is “employed or otherwise engaged” in the automobile business. Certainly Cooper was not employed in the automobile business as he was performing his services as a gratuity. The question then becomes whether or not it can be said that Cooper was engaged in the automobile business. Webster’s Third New International Dictionary, 1966 Copyright, lists “occupied or employed” as one definition of the word “engaged”. Further, the word “occupied” is defined as “held by occupation”. Again referring to the same dictionary, the word “occupation” is defined as: “the principal business of one’s life, a craft, trade, profession or other means of earning a living”. These definitions indicate that the word engaged when used in association with the word employed means more than just a favor. Actually, the surging meaning is that a substantial amount of time is required as adverse to an occasional hand. Black’s Law Dictionary, Revised 4th Edition, at page 622 gives the following definition of the word “engage” :
“To employ or involve one’s self; to take part in; to embark on. State ex rel. Kusie v. Weber, 72 N.D. 705, 10 N.W.2d 741, 745. It imports more than a single act or transaction or an occasional participation.”
A choice of other dictionaries and their definitions can lead to a different result. The trial judge chose another dictionary to define “engaged”. We do not think that the use of the word “engaged” in conjunction with employment permits so wide a definition as when defined as a single word.
The facts clearly indicated that Mr. Cooper did not regularly do this work for Mr. Stringer gratuitously or for gain. He was no more a part of the automobile business than the mailman who delivers a mail order part, or one who occasions to change a tire for a stranded motorist or who assists in starting a stalled auto. We do not think that the terms “employed or otherwise engaged in” apply to someone who is gratuitously rendering assistance of a short duration such as relocating someone’s stock in trade.
Any ambiguity in the insurance policy in question must be construed in the light most favorable to affording insurance coverage. In interpreting the exclusionary clause in question in such a manner, it is obvious that this clause will not serve to defeat recovery.[1]
*258 Having decided that Mr. Cooper was not “employed or otherwise engaged” in Mr. Stringer’s automobile business, we do not find it necessary to give any additional consideration to appellant’s secondary arguments as outlined above.
Plaintiff knew the hazards to which he exposed his children when he permitted them to ride on the bed of the truck. He was reluctant to permit them to ride there and only did so after repeated urging on their part. We think that he was negligent in permitting them to ride there. The injuries of the two children were a result of this negligence.
The facts of this case do not indicate that the children were contributorily negligent. They were permitted by the father to ride upon the back of the truck. There was nothing to indicate that the gin poles would collapse and fall to the front of the truck. Particularly, with the weight of the automobile body hanging from the poles, an average person would not expect the poles to collapse. These actually did not by expectation but by a freak accident.
We sustain the defendant’s exception to that part of the claim of plaintiff on his behalf. A plaintiff cannot recover on his behalf for loss resulting from his own negligence.
He is entitled to damages on behalf of Rusty and Marty. The evidence indicates that Marty suffered a fracture of his left radius of the epiphysis line. His arm was kept in a cast for approximately three weeks. His arm healed in about six weeks with no serious residual disability. A proper compensation for this injury would be $1,000.00.
Rusty’s injury was considerably more serious. He was struck by one of the gin poles while on top of the cab. He was hospitalized for 25 days. During that period both his legs were in traction. He was then put in a body cast for approximately six weeks. He was on crutches for another three weeks after that cast was removed. He was not permitted to use his legs until the 7th of October, some three months after the accident. The injury left him with a knock-kneed condition and a temporary 5% impairment of the right extremity. We think $5,100.00 is adequate compensation for this injury.
For the foregoing reasons, the judgment appealed from is reversed, and judgment is hereby rendered in favor of James M. Cooper for $1,000.00 on behalf of Marty Cooper, and $5,100.00 on behalf of Rusty Cooper. Costs in this court and in the trial court are assessed to State Farm Mutual Automobile Insurance Company.
Reversed and rendered.

. A similar result was recalled in Dumas v. Hartford Accident and Indemnity Company, 181 So.2d 841 (La.App.2nd Cir., 1965).