TUCKER, Judge.
These consolidated cases are before us on appeals from judgments rendered by the Nineteenth Judicial District Court, Parish of East Baton Rouge. There, among the multiple defendants named in these actions, the Parish of East Baton Rouge alone was cast in damages for the losses sustained by the plaintiffs.
This litigation arises out of an automobile collision which occurred on September 2, 1969, involving Junius L. Harris, Jr., who initiated suit for personal injuries against Arthur M. Denham, his employer, Fisk Electric Company, and that company’s liability insurer, Liberty Mutual Insurance Company; also named as defendant in that action was one Robert Butler, another motorist indirectly involved in the accident, the Parish of East Baton Rouge, and the State of Louisiana, through the Department of Highways.
*121 The companion suit which was consolidated for trial with the Harris claim was instituted by Southeastern Insurance Company, Harris’s collision insurer, seeking recovery of the amount paid by that company to Harris for the total loss of the Harris vehicle. All defendants named in the Harris suit were also included in Southeastern’s action.
Trial was held on the merits in the court below and, subsequent thereto, judgment rendered in which all of the defendants were absolved of liability in each suit with the exception of the Parish of East Baton Rouge. The Parish has perfected appeals in both of these actions; the plaintiff, Harris, has also appealed from the judgment rendered in his suit. We affirm the judgments as rendered by the district court.
The facts before us are not greatly in dispute. The accident occurred on La. Highway 61, or what is known as the Scenic Highway Extension, just north of the city limits of Baton Rouge, but within the parish of East Baton Rouge. At that point, Highway 61 is a four lane road with two lanes running generally north and two running in a southerly direction, the north and south lanes being divided only by center dividing lines. On August 26, 1969, the Parish Department of Public Works, through the Sanitary Sewage Division, began work on a sewer tie-in project at 9058 Scenic Highway which required that a portion of the outside north bound lane be excavated. In that connection, a hole some nine feet (9/) in length by three feet (3') in width, was dug in an east-west direction across the outside north bound lane. When the project was completed two days later, the hole was back-filled with the originally removed soil and other filler materials, and tamped leaving a rise above the street of some one to two inches (1-2"). Thereafter, it appears that the packing in the hole deteriorated rapidly as the traffic on this heavily traveled roadway continued its use, so that, at the time of this accident, the hole was some six to eight (6-8") inches deep.
The testimony before us indicates that on September 2, 1969, Robert Butler, an employee of Louisiana Training Institute, was driving his 1954 Ford pick-up truck to his home after making a stop at a laundry prior to going to work. He was proceeding in the outside north bound lane of Highway 61, at an approximate speed of 30-35 miles per hour when he suddenly came upon the unbarricaded hole which spanned almost the entire width of the lane in which he was traveling and which had become quite deep. As he saw the hole, he swerved immediately to his left into the inside north bound lane. This caused him to come directly into the path of the Fisk Electric Company truck driven by Denham, who had been traveling slightly to the rear of Butler on the inside. The abrupt movement of Butler forced Denham to swerve to the left to avoid the collision between those two vehicles; as he did so, he crossed the north-south dividing line into the inside, south bound lane where he struck the on coming Harris vehicle.
In a thorough and well reasoned opinion, the trial judge concluded that the Parish of East Baton Rouge was solely responsible for the losses occasioned by the plaintiff in each of these suits, he determining that the actions of Butler and Denham were each the natural reaction of drivers confronted with a sudden emergency. He further found that although the State Department of Highways was notified that the work on the road was to be done, that the Parish of East Baton Rouge accepted sole responsibility for the job.
Initially, we think that the district judge’s findings absolving the Department of Highways is clearly correct as, on page 56 of the transcript, we find this testimony by Mr. Alymer P. Batchelor, the Director of The Sanitary Sewage Division of the East Baton Rouge Department of Public Works:
“Q. In other words, the City-Parish had undertaken to make the cut, do the fill and do whatever was necessary in connection with the making of the cut?
*122 A. Yes.
Q. And, therefore, after this initial conversation that you said that you had, no further contact was made with the Highway Department?
A. No.”
In regard to the negligence of the Parish of East Baton Rouge, the transcript before us compels the conclusion that the hole itself was unquestionably dangerous. Trooper Morris Needham of the Louisiana State Police verified that the cut was, according to his measurements, approximately eight feet, nine inches (8' 9") in length by three feet, three inches (3' 3") in width and that he • estimated its depth at the time of the accident to be some six to eight inches (6-8") deep. The record is replete with testimony of a similar nature by persons who lived in the vicinity and the parties to this litigation, and dispels any doubt but that the hole, in an unbarricaded condition, was a menace to traffic using that highway.
Further, it seems clear that the parish officials were aware of its dangerous condition and were afforded ample opportunity to at least barricade and light the excavation prior to the occurrence of this collision. According to' Mr. Batchelor, the Sanitary Sewage Division requested that the Department of Public Works Safety Division inspect the repaired area for such action on August 29, 1969, some five (5) days before the accident. Mrs. Athea Kelly Thomas, an adjacent property owner, also notified the Parish of the condition of the hole at approximately the same time. The record is devoid of any evidence whatsoever that safety precautions of any nature were taken. In Watts v. City of Baton Rouge, 248 So.2d 42 (La.App., 1st Cir. 1971), we recently said:
“The trial court here in no wise skirted or discarded the judicial principles expressed in LeJeune, Lejeune v. State Through Dept. of Highways, La.App., 21S So.2d 150, Hall v. State Through Dept. of Highways, 213 So.2d 169 (La. App. 3d Cir. 1968), Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 (La.App. 1st Cir. 1959), and numerous other cases of kindred import, but rather it has manifested an assiduous application of the rules, precepts and holdings therein expressed. These cited cases are authority for the proposition that the governing authority which has jurisdiction over the highway, road, street or thoroughfare, has the legal duty to erect warning signs or barricades sufficient to warn motorists of any unusual obstruction, perilous condition or defect in the road face that would entail danger to the physical safety of those proceeding along such routes.”
Clearly, the Parish of East Baton Rouge was on notice of this hazardous condition and was negligent in its failure to take proper precautionary measures to protect the motoring public.
As for the actions of Butler and Denham, we think the trial judge correctly decided that neither was guilty of actionable negligence. Both were confronted with sudden emergencies not of their own making and must be exonerated from liability herein. As noted in Craig v. Burch, 228 So.2d 723 (La.App.1969):
“A motorist faced with a sudden emergency, not of his own creation, is not required to react as a reasonably prudent driver under ordinary conditions permitting calm, unhurried decision. All that is required in such instances is a response reasonably to be expected of an ordinarily prudent motorist under similar circumstances. Wallace v. Travelers Insurance Company, La.App., 195 So.2d 712.”
The sole remaining question is the adequacy of the award to the plaintiff Harris, for the personal injuries which he sustained, that appellant claiming the judgment to be inadequate. The trial court granted Three Thousand, Five Hundred and No/100 ($3,500.00) Dollars, in general *123 damages plus the wages which he lost and proven medical expenses. We have reviewed the testimony as to his injuries given by Dr. Thomas Campanella, orthopedic surgeon, who diagnosed his difficulties as soft tissue injuries and sprains of the lum-bosacral spine and neck, for which the claimant was hospitalized for eighteen days, seven of which were in traction and for which he subsequently underwent some physiotherapy. We find that the award is neither excessive nor inadequate and the judgment of the court below is correct.
Judgment in No. 9003.
Accordingly, the judgment of the trial court in our Docket No. 9003 is affirmed at the cost of the appellant, Parish of East Baton Rouge.
Judgment in No. 9002.
For the reasons assigned in our Docket No. 9003 the judgment of the trial court in our Docket No. 9002 is affirmed at the costs of appellant, Parish of East Baton Rouge.
Judgment affirmed.