REDMANN, Judge.
Defendant auto driver, her husband (on the allegation she was driving for the marital community) and her omnibus insurer were cast for damages in this minibike-automobile collision. Defendants appeal both as to liability and quantum and plaintiff answers the appeal seeking increase in quantum.
Defendant driver had been travelling west on a divided street with two lanes in each direction. Intending ,a left turn, she entered the neutral ground and stopped to let oncoming traffic pass. One oncoming car stopped in its left lane, waiting to turn left into the neutral ground space occupied by defendant driver. Defendant driver, believing her path was clear, moved across the left oncoming lane in front of the stopped car. The front of her car had traversed the right oncoming lane when a minibike struck her right front door.
Defendants assert that no negligence by defendant driver was proven. We disagree. She should have seen the minibike on the superior, right-of-way street and should not have placed herself in its path.
 Defendants further assert as contributory negligence several statutory violations by the minibike driver, ranging from lack of licenses to lack of dual brakes. None of these per se negligences could properly be held to have been a cause of the collision. (Nor would lack of the obligatory helmet warrant quantum reduction where it was not shown that wearing the helmet would have avoided the facial damage.)
Nor is contributory negligence shown by the testimony of some defense witnesses that when they saw the minibike driver immediately before the crash, he was looking over his shoulder. (He had no memory of the accident.) He may well have turned just that instant, seeking some route out of his predicament.
*326 Finally defendants argue that the father of the driver was contributorily negligent in allowing his unlicensed, 13-year-old son to drive an unlicensed minibike. Again, we find no causal relationship between that negligence of the father and the accident.
The trial court’s quantum may have been generous, but was within the “much discretion” of C.C. art. 1934 subd. 3. It surely was not inadequate, as the answer to the appeal claims.
General damages awarded totalled $4,500 for bleeding abrasions of hands and knees, laceration above an eye, permanent hema-toma in a cheek (not prominent in photographs), and some loss of hearing in one ear (described by his otologist as recovered to “essential normal hearing” in about six months),[1] and concomitant pain and suffering.
The judgment is affirmed.

. Another otologist later found a moderate loss. School teacher and principal were unaware of any hearing difficulty.