BAILES, Judge
(dissenting).
I agree with the majority that the jury award of $30,000 must be reduced. There our agreement ends.
The award by the majority herein clearly demonstrates an abuse of judicial discretion in awarding damages for at most no more than a minor injury.
*617 The facts of the accident are not in dispute. The vehicle driven by this plaintiff was twice struck in the rear by the same trailing vehicle on the St. Charles Avenue down ramp from the expressway in New Orleans.
The plaintiff, a retiree, immediately subsequent to the accident was taken to a telephone on St. Charles Avenue by the police who investigated the accident. She called her granddaughter to take her home. Later, on advice of her physician, she went to the Touro Hospital for emergency examination. At this time some mild medication was prescribed. A few days later, on January 12, 1970, she saw her family physician who referred her to an orthopedist. The latter doctor continued her on the medication prescribed by the emergency room attendant. Two weeks after the accident she went to Dr. Salatich under whose “conservative” care she remained for 69 office visits. During 26 of such visits she saw Dr. Salatich. This doctor prescribed a cervical collar with instructions to wear it constantly. She even slept in it.
Mrs. Allen worked part-time at her former (prior to retirement) full-time employment of cashier at a restaurant. She lost no time from work, working on occasions, as needed, as much as four hours a day.
This plaintiff at no time was injected with any medication; she was not confined even one day in a hospital; she had no broken bones; she was given no pain killing drugs; she never exhibited any objective signs of injury other than a highly questionable x-ray interpretation of a slight cervical pathology which was disputed by Dr. Williams, and perhaps some initial cervical muscle spasm.
While I recognize that no prior judicial determination of quantum is controlling of the amount of an award of damages in another case, even so, there must be, for judicial stability, some conformity to general guidelines.
Under a most liberal approach to a fair and adequate award, the award of the majority here is grossly and unconscionably excessive.
It must be recognized that no claim is made for anything other than general damages for physical pain and suffering. No claim is made for medical expenses or loss of earnings or anything else — just physical pain and suffering.
The lady received no more than a minor cervical and a very questionable minor lumbar sprain.
At most an award should not exceed $4,000.
See: Curry v. Vallot, La.App., 271 So.2d 711 (1972); Smith v. Hyatt, La.App., 270 So.2d 324 (1972); Austrum v. City of Baton Rouge, La.App., 267 So.2d 284 (1972); Tudury v. Cooperative Cab Co., La., La.App., 265 So.2d 307 (1972); Cooper v. State Farm Mut. Auto. Ins. Co., La.App., 264 So.2d 254 (1972); Collins v. Allstate Ins. Co., La.App., 264 So.2d 693 (1972); Landry v. Employers Liability Assur. Corp., Ltd., La.App., 263 So.2d 423 (1972); Alexander v. New Orleans Public Service, Inc., La.App., 262 So.2d 538 (1972); Moore v. Johnson, La.App., 262 So.2d 105 (1972); Perigoni v. McNiece, La.App., 262 So.2d 407 (1972); Sevin v. Diamond M Drilling Co., La.App., 261 So. 2d 375 (1972); Bournes v. Trivigne, La.App., 257 So.2d 700 (1972); Pardue v. General Acc. Fire & Life Assur. Corp., La.App, 257 So.2d 777 (1972); Odom v. Sanders, La.App, 277 So.2d 188 (1973); Galmiche v. Smith, La.App., 269 So.2d 490 (1972); LeBoeuf v. Theriot, La.App., 269 So.2d 568 (1972); Harris v. Fisk Electric Company, La.App., 268 So.2d 119 (1972); Wright v. Highlands Insurance Company, La.App., 275 So.2d 829 (1972).
I respectfully dissent.